**Charles H. HOUSTON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 87–2514.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1988.

Decided Jan. 27, 1989.

Rehearing and Rehearing En Banc Denied April 13, 1989.

John C. Wisner, III, Little Rock, Ark., for appellant.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, ROSS, Senior Circuit Judge, and WOLLE,[*] District Judge.

ROSS, Senior Circuit Judge.

Charles Houston appeals the district court's[1] denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. In his petition, Houston alleged constitutional violations arising from the admission of an allegedly involuntary in-custody statement at his criminal trial. For the reasons set forth below, we affirm.

On July 26, 1976, appellant was tried and convicted of aggravated robbery and was sentenced as a habitual offender to a term of life imprisonment without parole by the Pulaski County, Arkansas Circuit Court. The charges arose from the robbery of the Crystal Hill Liquor Store on April 14, 1976. At the trial, testimony was presented that Houston entered the liquor store with a female companion between 10:15 and 10:20 a.m. He asked the proprietor of the store, Mike Lafferty, whether he had any bologna or bread. Lafferty told him no and referred him to another store. Houston left the store and then returned alone. This time he held a gun to Lafferty's throat and ordered him to get down on his knees. While Lafferty pleaded for his life, Houston shot him twice in the back of the head. Houston removed the money from the cash register and Lafferty's wallet from his pocket. Lafferty miraculously survived the shooting and was subsequently able to positively identify Houston as the man who had shot and robbed him.

---

* The HONORABLE CHARLES R. WOLLE, United States District Court Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Elsijane T. Roy, United States District Court Judge for the Eastern District of Arkansas.

In 1979 Houston filed his first petition for a writ of habeas corpus, alleging ineffective assistance of counsel at trial. After an evidentiary hearing the petition was denied and this court affirmed that denial. *Houston v. Housewright*, 678 F.2d 757, 759 (8th Cir.), *cert. denied*, 459 U.S. 993, 103 S.Ct. 352, 74 L.Ed.2d 390 (1982). In this, his second petition for a writ of habeas corpus, Houston argued for the first time that his fifth and sixth amendment rights were violated when, during his cross-examination at trial, his involuntary in-custody alibi statement was used against him for purposes of impeachment.

On November 26, 1985, following a hearing at which Houston was the only person to testify, the magistrate found that Houston's alibi statement was involuntary and its use at trial for purposes of impeachment violated Houston's constitutional rights. The State objected to the magistrate's findings and subsequently sought to introduce evidence which was unavailable at the first hearing, including the file from the Pulaski County Sheriff's Office, as well as testimony from Officers Darrell Rook and Mike Adams, the two officers who had taken Houston's statement. Following a second hearing on March 9, 1987, the magistrate concluded that the additional evidence offered by the State should not be considered and that no evidence was presented at the second hearing to change his previous ruling. Again the State objected to the magistrate's proposed findings.

The federal district court then conducted its own hearing on the voluntariness of the in-custody statement. The court first determined that the admission of Officers Rook and Adams' testimony was not prohibited by 60(b)(2) of the Federal Rules of Civil Procedure. Then, after considering the evidence in light of the totality of the circumstances, the district court found that the in-custody statement was made voluntarily. Having thus determined, the district court concluded that the admission of the statement for impeachment purposes was proper and that any potential error in its admission was harmless.

On appeal, Houston challenges the district court's finding that the in-custody statement was voluntary. He also alleges error by the district court in allowing the testimony of Officer Mike Adams under Rule 60(b).

Houston's first point urged for reversal is that the in-custody statement taken from him by police officials on April 17, 1976 was improperly used to impeach his testimony at trial because the statement was not voluntarily given. We note at the outset that the statement at issue was not a confession to the crime. Rather, it was an outline of the places and times of Houston's activities on the day the crime was committed. His testimony at trial indicated that he had been at his employer's service station and had then left to go to his wife's apartment at the time the crime was committed. According to his in-custody statement, however, Houston was at his mother's home alone and had not yet awakened. Neither of these statements, if believed, would place Houston at the scene of the crime.

The ultimate issue of the voluntariness of a confession is a legal conclusion which requires independent federal determination. *Miller v. Fenton*, 474 U.S. 104, 110, 106 S.Ct. 445, 449–50, 88 L.Ed.2d 405 (1985). The voluntariness of a statement must be resolved in light of the totality of the circumstances. *Procunier v. Atchley*, 400 U.S. 446, 453, 91 S.Ct. 485, 489, 27 L.Ed.2d 524 (1971). This court has stated that some of the factors to be considered in evaluating the totality of the circumstances are:

> both the characteristics of the accused and the details of the interrogation * * * the youth of the accused, his lack of education, or his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep.

*Hall v. Wolff*, 539 F.2d 1146, 1150–51 (8th Cir.1976) (citations omitted). Where the statement is found to be involuntary, any

use of the statement at defendant's trial will be a denial of due process. *Mincey v. Arizona,* 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978). However, voluntary statements made by a defendant under circumstances violating the strictures of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), are admissible for impeachment if their "trustworthiness ... satisfies legal standards." *Mincey v. Arizona, supra,* 437 U.S. at 397–98, 98 S.Ct. at 2416 (quoting *Harris v. New York,* 401 U.S. 222, 224, 91 S.Ct. 643, 645, 28 L.Ed.2d 1 (1971)). "[T]he shield provided by *Miranda* is not to be perverted to a license to testify inconsistently, or even perjuriously, free from the risk of confrontation with prior inconsistent utterances." *Oregon v. Hass,* 420 U.S. 714, 722, 95 S.Ct. 1215, 1221, 43 L.Ed.2d 570 (1975).

■ With this legal framework in mind, we return to the facts of the case before us. Houston testified at his habeas corpus hearing that on April 15, 1976, around noon, he was taken into custody by Little Rock City Police Officers. He testified that although he asked to make a phone call and to talk to his attorney, his requests were denied. He was then turned over to the Pulaski County Sheriff's Department and placed in the maximum security section of the Pulaski County Jail. He claims he gave officers his lawyer's name, but was again denied the right to see him. He also claimed that at 3:00 in the morning on April 17, three or four officers, including Officers Rook and Adams, had been to his cell and had threatened him and cursed him. Then, at approximately 7:00 a.m. on the same morning, he was removed from his cell and taken to another room where he was questioned by Officers Darrell Rook and Mike Adams. The questioning lasted between one and two hours. It was during this interrogation that Houston made his statement.

Houston was 24 years old at the time of his arrest and had a ninth or tenth grade education. He had been read his *Miranda* rights prior to the taking of the statement as evidenced by his signature on the rights waiver form. He acknowledged that he had had previous experience with the criminal justice system in that he had been previously arrested and convicted.

Houston testified that he had had previous run-ins with the city police, who would round up groups of young people and beat them. He stated that his long-standing fear of the city police led to his fear of the sheriff's deputies. Houston stated that at no time during his confinement was he beaten or physically mistreated and that the officers did not try to get him to confess to a crime but merely to submit a statement outlining his activities on the day the crime was committed.

Officer Mike Adams testified that he did not remember that Houston had requested an attorney, but if he had, the questioning would have been stopped immediately. Officer Adams stated that he had not visited Houston's cell during the early morning hours of April 17 and in fact was prevented from doing so by a prison rule which permitted only prison officials in the cell area. He further testified that he did not threaten Houston in any manner nor attempt to coerce the statement, nor did he see anyone else do so. Officer Rook testified that he had never threatened Houston, and that neither he nor Officer Adams told Houston what to put in his statement. He also testified that had Houston requested an attorney, he would have stopped the questioning and provided one.

The district court's conclusion that Houston's statement was voluntary was ultimately based on the court's decision to credit the testimony of the police officers over that of Houston. Our review of that decision is narrowly circumscribed by the dictate of Rule 52(a) of the Federal Rules of Civil Procedure, which directs that findings of fact shall not be set aside unless found to be clearly erroneous. Rule 52 demands even greater deference to the trial court's findings when such findings are based on determinations regarding the credibility of witnesses. *Anderson v. City of Bessemer City,* 470 U.S. 564, 566, 575, 105 S.Ct. 1504, 1507, 1512, 84 L.Ed.2d 518 (1985). Nothing in the record demonstrates that the district court's credibility determinations were clearly erroneous.

After our review of the totality of the circumstances, we affirm the court's finding that the in-custody statement was voluntary and as such was properly admitted at trial for impeachment purposes.

■ Even if we were to agree that Houston's voluntary in-custody statement was improperly admitted, any error in its admission was harmless given its inconsequential nature. The statement given by Houston was not inculpatory in any manner, but instead served only to discredit Houston's credibility as a witness, which the prosecutor had already called into question. We conclude that there was no reasonable possibility that the statement could have contributed to the conviction. *See DeVine v. Solem,* 815 F.2d 1205, 1208 (8th Cir.1987).

■ In reaching this conclusion, we also reject Houston's argument that the testimony of Officer Mike Adams should have been excluded because it was not presented until after the magistrate made his initial recommendations and did not fit within the Rule 60(b)(2) exception for admission of newly discovered evidence. Although the evidence sought to be admitted was presented after the magistrate made his initial recommendations, it was presented prior to the entry of final judgment by the district court on October 23, 1987. Therefore, the admission of Officer Adams' testimony is not limited by Rule 60(b) which by its terms applies only to a "final judgment, order or proceeding."

The judgment by the district court denying the petition for a writ of habeas corpus is affirmed.