Charles HOUSTON *v.* STATE of Arkansas

CR 78-2                                          566 S.W. 2d 403

Opinion delivered June 5, 1978
(In Banc)

*John W. Achor,* Public Defender, by: *William R. Simpson, Jr.,* Dep. Public Defender, for appellant.

*Bill Clinton,* Atty. Gen., by: *James Smedley,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant of aggravated robbery and, pursuant to Ark. Stat. Ann. § 41-1001 (Repl. 1977), assessed his punishment as an habitual criminal at life imprisonment. There was no appeal. One year later appellant sought postconviction relief, as provided by Rules of Crim. Proc., Rule 37 (1976), alleging, *inter alia,* that he was denied effective assistance of counsel because his retained counsel did not file a notice of appeal following his conviction. After an evidentiary hearing, the trial court denied appellant's petition to vacate his sentence. Appellant asserts, through his court appointed appellate counsel, that the court erred in denying his petition because his retained counsel had an absolute duty under Rule 36.26 to file a notice of appeal. Therefore, appellant argues that he is entitled to a new trial or a belated appeal.

Rules of Crim. Proc., Rule 36.26 (1976), provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

However, we must consider Rule 36.9 also which reads in pertinent part:

> Within thirty (30) days from the date of the sentence and entry of judgment by the trial judge, the person or persons desiring to appeal the judgment shall file with the trial court a notice of appeal identifying the parties taking the appeal and the judgment appealed. *The notice of appeal shall include a certificate by the appealing party or his attorney that a transcript of the trial record has been ordered from the court reporter,* if for the purposes of the appeal, a

transcript is deemed essential to resolve the issues on appeal . . . . (Italics supplied.)

Here appellant's retained counsel, who had been paid only a small portion of the agreed fee for trial representation and none for appeal, advised appellant of his right to appeal. It appears appellant was without funds. Counsel wrote to appellant, enclosing a notice of appeal and a motion to appeal *in forma pauperis* which he had prepared, advising appellant to sign, have the papers notarized and returned to the trial judge prior to a designated date which would be within the appeal time. Also appellant was advised he could consult with the prison attorney for any desired assistance. There was no response from appellant. His counsel advised appellant's mother of his right to court appointed counsel. Appellant admitted that the attorney wrote him that he was discontinuing his services and "some papers were sent" to him.

A pauper's oath by appellant is a prerequisite to being declared an indigent. An attorney should not be required to order the transcribed record at his own expense. Since appellant himself waited almost one year from the time he timely received the necessary papers and instructions for appeal purposes before he took any affirmative action as to a decision to pursue an appeal, any delay was caused solely by appellant and without justification.

Affirmed.