Charles HOUSTON, Appellant,

v.

Vernon HOUSEWRIGHT, Commissioner
of Arkansas Department of
Correction, Appellee.

No. 81–2155.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1982.

Decided May 20, 1982.

Rehearing Denied June 23, 1982.

Gill, Skokos, Simpson, Buford & Owen, Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. by Victra L. Fewell, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT and HENLEY, Circuit Judges, and BARTLETT,* District Judge.

HENLEY, Circuit Judge.

Charles Houston has appealed the district court's [1] denial of his petition for writ of habeas corpus. For reasons to be stated, we affirm.

Houston was tried and convicted on July 27, 1976 for aggravated robbery and was sentenced as an habitual offender to a term of life imprisonment without parole by the Pulaski County, Arkansas Circuit Court. He was represented at trial by J. H. Cottrell, who had been retained by Houston's mother.

Subsequent to Houston's conviction and commitment to the Arkansas Department of Correction, his mother notified Mr. Cottrell of a desire to appeal Houston's conviction. At that time, Mr. Cottrell was also

---

\* The Honorable D. Brook Bartlett, United States District Judge, Western District of Missouri, sitting by designation.

1. The Honorable George Howard, Jr., United States District Judge, Eastern and Western Districts of Arkansas.

informed that Houston was without funds to pay for his defense at trial, and that no funds were available to pay for an appeal. Mr. Cottrell then wrote Houston a letter dated August 16, 1976 and enclosed a Notice of Appeal and Motion to Appeal in forma pauperis which he had prepared. The letter, received on or about August 17, 1976, advised Houston to sign the papers, have them notarized, and return them to the trial judge prior to August 26, 1976, which date was within the appeal time.[2] The letter also advised Houston that he could consult with the prison attorney for any desired assistance.

Houston did not respond to this letter, nor did he ever complete and file the documents enclosed therewith. He admits that he received the papers, but states that he put them away because he did not understand them.

On May 25, 1977 Houston filed a pro se motion and request for extension of time to file a belated appeal with the Supreme Court of Arkansas. This motion was denied without prejudice to Houston's raising these issues in a petition to the state trial court for post-conviction relief. Such a petition was filed on June 6, 1977, but was found to be without merit. The Supreme Court of Arkansas affirmed. *Houston v. State*, 263 Ark. 607, 566 S.W.2d 403 (1978).

On November 8, 1979 Houston filed the present petition for writ of habeas corpus. At that time he was represented by attorney Jewell Brown. The petition filed alleged that Houston had been denied effective assistance of counsel at trial and on appeal in that his trial counsel had:

(1) Failed to call Mr. Charles Foster, his parole officer, who would have testified that at the time of the robbery Houston was in Mr. Foster's office;

(2) Visited him only twice during the four-month period he was in jail, thereby failing to adequately elicit matters of defense;

(3) Failed to interview and call as witnesses two plainclothes police officers who had been present at the scene of the robbery shortly before it occurred; and

(4) Failed to appeal his conviction.[3]

The magistrate conducted an evidentiary hearing on these issues and on December 19, 1980 issued a report and recommendation wherein he recommended that the petition be denied. Subsequently, Houston's present counsel was appointed, and Houston filed an objection to the magistrate's report and moved for a second evidentiary hearing. In this document, Houston objected to the magistrate's findings on each of the issues raised in the original petition, and also raised numerous other alleged instances of ineffective assistance, apparently for the first time. However, the district court, after due consideration, adopted the magistrate's report and dismissed the petition. The court did not address those issues raised for the first time in the objections. This appeal followed.

The magistrate, in his report and recommendation, found that the two plainclothes officers who Houston alleges should have been called as witnesses were unable to either identify or eliminate anyone as a suspect in the robbery, and thus their testimony could not have aided Houston in his defense. The magistrate also found that Mr. Foster had, in fact, testified at Houston's trial. Accordingly, these two issues were held to be without merit.

The magistrate further found that even if Houston's trial counsel had not visited Houston as often as Houston would have liked, Houston had nevertheless failed to show any prejudice thereby. *See, e.g.,*

2. The mailing address of the trial judge was also contained in the letter.

3. On appeal, Houston also alleges that his counsel had failed to adequately inform him of his right to appeal. Although this issue was not specifically raised in Houston's petition to the district court, it is apparent that this issue

was argued before the magistrate, and the magistrate's report indicates that this allegation was fully considered and rejected. In addition, we find that this issue is inextricably tied to Houston's "failure to appeal" allegation. Accordingly, we treat this issue as being properly before us at this time.

*Drake v. Wyrick*, 640 F.2d 912, 914 (8th Cir. 1981). Finally, the magistrate found that a privately retained counsel who had not been paid for services rendered had no duty to represent a defendant in a criminal case on appeal. In this regard, the magistrate found it clear that an indigent defendant has a right to a court-appointed attorney on appeal, and that counsel's duty extends to informing his client of this right. However, the magistrate found that Mr. Cottrell had fulfilled this duty when he wrote to Houston and provided the mechanism for filing an appeal in forma pauperis. In particular, the magistrate reviewed Mr. Cottrell's August 16, 1976 letter to Houston and found that it was phrased in understandable terms that should have left no doubt in Houston's mind as to its meaning.

▆ We are in substantial agreement with the magistrate's findings and conclusions. In particular, we find that the issues raised before the magistrate relating to counsel's failure to call the indicated witnesses and failure to spend a sufficient amount of time discussing the case with Houston are completely meritless. Furthermore, we have reviewed Mr. Cottrell's August 16, 1976 letter and the documents attached thereto, and find that they were, in fact, phrased in terms understandable to the lay person. Thus, it is clear that Houston's failure to file a timely appeal cannot be attributed to any neglect on the part of his trial counsel, but rather was the result of his own, unjustifiable inaction. *Houston v. State*, 566 S.W.2d at 404.[4]

▆ Houston has asserted several other allegations of ineffective assistance on appeal.[5] With one exception, however,[6] these issues were not raised in the original petition to the district court, but were raised for the first time in the objections to the magistrate's report. Our review of the record fails to reveal any attempts by counsel to request leave to amend the petition. Furthermore, the district court did not address these issues, and indeed in the context in which they were presented, it is at least doubtful that the district court properly could have considered them. *See Health Corporation of America, Inc. v. New Jersey Dental Ass'n*, 77 F.R.D. 488, 489–92; 28 U.S.C. § 631 *et seq.* Since these issues were neither raised before nor decided by the district court, we decline to decide them now. From what has been said, however, we think the district court's order should not necessarily preclude Houston from raising these issues in a subsequent petition.

In sum, the judgment of the district court should be, and it is, affirmed.

---

**4.** As a gloss on the ineffective assistance of counsel issue, appellant argues that in combination the interpretation the Supreme Court of Arkansas places on the provision for appeal by indigents coupled with the professional shortcomings of counsel served to deny him due process and equal protection of the law. While in present circumstances the effort of appointed counsel to hang his hat on every peg in the hall of controversy is understandable, the due process and equal protection argument is plainly insubstantial. We do not discuss it further.

**5.** These issues include:
  (a) Failure to request a reduction of bond;
  (b) Failure to file a motion for discovery;
  (c) Failure to attend or object to a pre-trial/post-arrest lineup;

(d) Failure to move to suppress the in-court identification of two witnesses;
(e) Failure to keep Houston informed of the progress of the defense or the developments of the case;
(f) Failure to obtain substitute counsel after trial; and
(g) Failure to call Eloise Wheeler as a witness.

With regard to counsel's alleged failure to call Wheeler, the magistrate addressed this issue peripherally in a footnote in his report and recommendation.

**6.** The issue relating to reduction of bond was never raised before the district court in any fashion.