Bobby FRETWELL v. STATE of Arkansas

CR 85-208                                        718 S.W.2d 109

Supreme Court of Arkansas
Opinion delivered October 27, 1986

*William J. Valek*, for appellant.

No response.

PER CURIAM. Bobby Fretwell was convicted of capital murder and sentenced to death. On May 19, 1986, we affirmed. *Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986). Fretwell, through his attorney William Velek, subsequently sought and was granted a stay of execution so that he could proceed under our postconviction rule, Rule 37. Velek now asks to be relieved as counsel and moves for appointment of counsel to represent Fretwell in his pursuit of relief under Rule 37. We find good cause to relieve Velek as counsel, but deny the request for appointment of another attorney.

The Arkansas Rules of Criminal Procedure, Rule 36.26, provides that an attorney will represent a convicted defendant through appeal to this court, unless permitted by the trial court or this court to withdraw. The right to counsel ends after the direct appeal of the original criminal trial is completed, *Douglas* v. *People of State of California*, 372 U.S. 353 (1963), and there is no obligation for counsel to continue representing the defendant in postconviction proceedings which are undertaken in this court after appeal. *See Noble* v. *Sigler*, 351 F.2d 673 (8th Cir. 1965), *cert. denied* 385 U.S. 853 (1966). As postconviction proceedings are civil rather than criminal in nature, there is clearly no constitutional right to appointment of counsel to prepare a petition under Rule 37. *See Dyer* v. *State*, 258 Ark. 494, 527 S.W.2d 622 (1975). We will not make an exception in a capital case.

Motion to be relieved as counsel granted; motion for appointment of counsel denied.