Alfred J. MILLER *v.* STATE of Arkansas

RC 89-23                                    775 S.W.2d 79

Supreme Court of Arkansas
Opinion delivered July 17, 1989

*Appellant*, pro se.

*Steve Clark,* Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. In 1978, Alfred James Miller pleaded guilty to aggravated robbery and was sentenced as an habitual offender to fifty years imprisonment with twenty years suspended. In 1983, he filed a petition to proceed pursuant to Criminal Procedure Rule 37 which was denied. In 1987, Miller retained attorney Gregory Ferguson to file a second petition under Criminal Procedure Rule 37 in which it was alleged that Miller was entitled to relief on the ground that his conviction was void because no judgment was entered and the commitment which was entered was defective. The second petition was also denied. Ferguson then filed a petition for writ of habeas corpus in Miller's behalf, raising the same allegations raised in the second Rule 37 petition. After a hearing, the habeas petition was denied on July 7, 1988, and Ferguson filed an untimely notice of appeal and designation of record on August 8, 1988. The record was prepared but never lodged here. Miller has now filed a motion in this court in which he seeks a belated appeal.

Miller has attached to the motion a letter from the court

reporter to him dated October 18, 1988, in which the reporter states she has completed the transcript and forwarded it to the circuit clerk so that the clerk may complete the clerk's portion and notify counsel that it is ready to be picked up for lodging on appeal. The reporter also notes that she is refunding a portion of the fee paid to her because the record was not as long as expected, which indicates that the record was paid for in full. Ferguson states in his affidavit filed in response to Miller's motion that Miller informed him that the record would be paid for but that he (Miller) could not pay anything more on the "appeal costs" or attorney's fees. (He also states that Miller did not offer to pay the Supreme Court filing fee, but no such fee is required by this court when lodging an appeal on a criminal matter.) Ferguson concedes that he was never relieved as counsel and states that the appeal has merit, but he argues that he should be relieved because the failure to pay the attorney's fees and appeal costs has resulted in such animosity between him and his client that he should not be required to represent him.

■ The motion for belated appeal is granted because counsel was not entitled to abandon the appeal solely because he was not paid. Criminal Procedure Rule 36.26 provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or this court to withdraw. The rule applies to appeals of orders denying post-conviction relief. Ferguson was not relieved by the trial court or this court. Therefore, he was obligated to perfect an appeal, unless his client waived his right to appeal. It is clear from the fact that Miller paid the cost of having the transcript prepared that he desired an appeal in this matter. Under these circumstances, Ferguson was required either to perfect the appeal or gain release from his obligations from the appropriate court. Mr. Ferguson is directed to promptly lodge the record in this case and continue his representation of his client on appeal. A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion for belated appeal granted.

NEWBERN, J., not participating.