Donald E. ZUCCO *v.* STATE of Arkansas

CR 94-46                                           885 S.W.2d 675

Supreme Court of Arkansas
Opinion delivered October 24, 1994

*Michael Knollmeyer*, for appellant.

No response.

PER CURIAM. On August 12, 1992, the petitioner Donald E. Zucco was found guilty by a jury of arson and sentenced to five years imprisonment. He was represented at trial by his retained attorney Ralph J. Blagg. Mr. Blagg filed a timely notice of appeal and designation of record which stated that the trial transcript had been ordered from the court reporter. The appeal was not perfected. In January 1994 petitioner Zucco tendered to this court a partial record of the lower court proceedings with a *pro se* motion for rule on the clerk seeking to lodge the record belatedly. He also filed a petition for writ of certiorari to bring up the entire record. (Petitioner contended in the motion that he was indigent and moved to be allowed to proceed *in forma pauperis* on appeal, but he has since retained an attorney who is representing him with respect to the motion.) We remanded the matter for an evidentiary hearing. *Zucco* v. *State*, CR 94-46 (March 7, 1994). The matter was subsequently remanded for a second hearing. *Zucco* v. *State*, CR 94-46 (May 16, 1994). The record of that hearing is now before us.

■■ We noted when remanding the matter for the first evidentiary hearing that Criminal Procedure Rule 36.26 provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout appeal, unless permitted by the trial court or this court to withdraw. Once the notice of appeal is filed with the circuit clerk, only the appellate

court can relieve counsel of the obligation to proceed with the appeal. Sup. Ct. Rule 4-3(j)(1).[1] A convicted defendant can waive his right to appeal by not informing counsel that he desires to appeal, but the timely filing of a notice of appeal in the instant case clearly demonstrated that petitioner did not waive his appeal right. *See Miller* v. *State*, 299 Ark. 548, 775 S.W.2d 79 (1989). Attorney Blagg did not receive permission from the appellate court to be relieved of his obligation to proceed with the appeal.

Mr. Blagg testified at both hearings that he did not pursue the appeal because petitioner did not actually desire an appeal but only desired to be released on appeal bond which necessitated the filing of a notice of appeal. He stated at the second hearing that he failed to file a motion to be relieved as counsel in the appellate court because he did not believe that petitioner ever intended the appeal to be perfected. He did, however, pay the court reporter $930.00 to begin preparing the transcript. Petitioner, who did not appear at the original hearing, testified at the second hearing that he truly desired to appeal and never indicated to Blagg that he wished to forego an appeal.

It is clear that attorney Blagg abandoned the appeal rather than follow proper procedure which dictates that an attorney who files a notice of appeal is required either to perfect the appeal by lodging the record in the appellate court or file a motion to withdraw in the appellate court within the time allowed for the timely lodging of the record. As Mr. Blagg remains the retained attorney-of-record in this case, he is directed to proceed with the appeal by filing a petition for writ of certiorari within thirty days to bring up that portion of the record necessary for the appeal. A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion for rule on clerk granted.

---

[1] When petitioner was convicted in 1992, Supreme Court Rule 11 (h) was in effect. Rule 11 (h) in all pertinent respects was identical to Rule 4-3(j)(1) in its requirement that counsel be relieved by the appellant court once notice of appeal had been given.