Raymond SANDERS *v.* STATE of Arkansas

CR 97-679                                    952 S.W.2d 133

Supreme Court of Arkansas
Opinion delivered July 7, 1997

*Petitioner*, pro se.

No response.

PER CURIAM. Raymond Sanders was found guilty of capital felony murder in the death of Frederick LaSalle and sentenced to life imprisonment without parole. We affirmed the judgment. *Sanders v. State*, 310 Ark. 510, 838 S.W.2d 359 (1992). The mandate was issued October 23, 1992.

On December 4, 1992, Tona M. DeMers, counsel for Sanders, filed in the trial court a petition pursuant to Criminal Procedure Rule 37 challenging the judgment. On October 1, 1996, Sanders filed a *pro se* amended petition under Rule 37. There is no order in the record relieving DeMers as counsel and nothing which explains why the original petition remained pending for nearly four years. The trial court entered an order on October 10, 1996, declaring the Rule 37 petition to be untimely and dismissing it. A timely *pro se* notice of appeal was filed by Sanders on November 8, 1996. The record was not tendered to this court within ninety days as required by Rule 5(a) of the Rules of Appellate Procedure, and Sanders, by his attorney Jeff Rosenzweig who is representing him *pro bono*, now seeks a rule on clerk to have the record lodged belatedly.

■ ■ The sole issue before us at this juncture is whether petitioner Sanders has established good cause for the failure to lodge the record in a timely manner. If petitioner had been proceeding *pro se* throughout the Rule 37 proceeding, or if the record reflected that the attorney who filed the original Rule 37 petition had been relieved as counsel, we would not hesitate to find that petitioner had failed to exercise diligence in pursuing the appeal. He was, however, not proceeding *pro se* orginally, and his attorney, Tona M. DeMers, was obligated to obtain a ruling on the Rule 37 petition and remain as petitioner's attorney until relieved by the trial court or this court. Rule 16 of the Rules of Appellate Procedure—Criminal provides that counsel, whether retained or court-appointed, shall continue to represent a convicted defendant

throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or this court to withdraw. The rule applies to appeals of orders denying postconviction relief. *Miller v. State*, 299 Ark. 548, 775 S.W.2d 79 (1989). Even though petitioner Sanders filed an *pro se* amended petition and a *pro se* notice of appeal, his attorney had not been relieved and was thus obligated to continue representing him, which included lodging the Rule 37 record here.

Because attorney Jeff Rosenzweig has undertaken to represent Sanders *pro bono*, we will accept his appearance as counsel and relieve Ms. DeMers. The motion for rule on clerk is granted.

A copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.