Ronald G. THOMAS *v.* STATE of Arkansas

CR 98-1084                                983 S.W.2d 122

Supreme Court of Arkansas
Opinion delivered November 19, 1998

*Appellant,* for appellant.

No response.

P ER CURIAM. On July 26, 1996, judgment was entered reflecting that Ronald G. Thomas had entered a plea of guilty to rape, sexual abuse in the first degree, and sexual solicitation. An aggregate sentence of 264 months' imprisonment was imposed.

Thomas subsequently filed in the trial court a timely petition pursuant to Criminal Procedure Rule 37 challenging the judgment. An evidentiary hearing was held at which petitioner Thomas was represented by an appointed attorney, Thomas E. Smith. The petition was denied in an order entered January 16, 1998.

On February 2, 1998, at 11:52 a.m., attorney Smith filed a timely notice of appeal from the order. On that same day at 2:32 p.m., an order was entered relieving Smith as counsel.

The record on appeal was not tendered to this court until June 9, 1998, which was 127 days after the notice of appeal was filed. Because Ark. R. App. P. 5(a) requires a record to be tendered within ninety days of the date of the notice of appeal, our clerk declined to lodge it. Now before us is Ronald Thomas's *pro se* motion for rule on clerk seeking to file the record belatedly.

The initial question presented by the *pro se* motion is whether Thomas Smith, the attorney who filed the notice of appeal, was obligated to represent the petitioner on appeal. That is, was the order relieving Smith that was entered *after* the notice

of appeal but on the same day effective? We conclude that the order was not effective.

Rule 16 of the Rules of Appellate Procedure—Criminal provides:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause. *After the notice of appeal of a judgment of conviction has been filed, the Supreme Court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.* (Emphasis added.)

We have held that Rule 16 applies to postconviction appeals as well as direct appeals from judgments of conviction. *Miller v. State*, 299 Ark. 548, 775 S.W.2d 79 (1989).

■ Because Smith was not relieved before he filed the notice of appeal, Smith was obliged to perfect the appeal of the adverse ruling. Once the notice of appeal was filed, any motion to be relieved as counsel should have been filed in this court which has sole jurisdiction pursuant to Rule 16 to entertain such motions. *See Parker v. State*, 329 Ark. 363, 952 S.W.2d 133 (1997). As Smith was not relieved by the trial court before the notice of appeal was filed, he remains attorney-of-record for the appeal.

■ The *pro se* motion for rule on clerk is granted. The Clerk is directed to lodge the tendered record and set a briefing schedule.

Motion granted.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct.