Shawn O'BRIEN *v.* STATE of Arkansas

CR 98-921                                    3 S.W.3d 332

Supreme Court of Arkansas
Opinion delivered November 4, 1999

*Appellant,* pro se.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Ass't Att'y Gen., for appellee.

P ER CURIAM. Appellant, Shawn O'Brien, was found guilty by a jury of rape. He was sentenced to ten years in the Arkansas Department of Correction. On January 6, 1998, a mandate affirming appellant's conviction was entered in the Arkansas Court of Appeals. This conviction was filed in Poinsett County Circuit Court on January 7, 1998. Appellant filed his petition for postconviction relief with the circuit court on April 28, 1998. On July 6, 1998, the circuit court denied appellant's petition based on its untimeliness. Appellant then filed a notice of appeal on July 24, 1998. He argues that counsel's failure to notify him of the court of appeals mandate prejudiced him in seeking postconviction relief because his petition was untimely. He also contends that counsel was ineffective for failing to preserve a challenge to the sufficiency of the evidence on appeal. We affirm the trial court's determination that counsel's petition was untimely.

Appellant argues that counsel's failure to notify appellant that the mandate had been issued resulted in appellant's Rule 37 petition being untimely. Therefore, appellant asserts that he was rendered ineffective assistance of counsel that was prejudicial.

Arkansas Rule of Criminal Procedure 37.2 provides that if an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty days of the date the mandate was issued by the appellate court. The United States Supreme Court has held that there is no

constitutional right to an attorney in state postconviction proceedings, and, as a result, there is no corresponding right to claim constitutionally ineffective assistance of counsel in those. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997). Similarly, this court has held that the right to counsel ends in Arkansas after the direct appeal of the original criminal trial is completed, and the State is not obligated to provide counsel in postconviction proceedings. *Fretwell v. State*, 290 Ark. 221, 718 S.W.2d 109 (1986) (*per curiam*). Our reasoning has been that a postconviction proceeding is civil in nature and, thus, there is no constitutional right to appointment of counsel as part of a criminal proceeding. *Id.* Here, appellant was not entitled to counsel to represent him for purposes of his Rule 37 petition. Hence, even assuming his counsel was ineffective in failing to notify appellant that the mandate had issued, this is not a basis upon which he can challenge the trial court's order or the trial court's jurisdiction. In addition, it was incumbent on appellant to determine when the mandate was issued just as it is incumbent on a convicted defendant to determine when the judgment is entered before filing a notice of appeal. *Doyle v. State*, 319 Ark. 175, 890 S.W.2d 256 (1994).

Recently, in *Porter v. State*, 339 Ark. 15, 2 S.W. 3d 73 (1999), we allowed an untimely Rule 37 petition because we found that good cause had been established for petitioner's failure to timely file his petition. However, *Porter* was decided under Ark. R. Crim. P. 37.5 in the narrowest of instances where the death penalty was involved and created a rare exception to Ark. R. Crim. P. 37.2. The facts in *Porter* do not exist here. Appellant was not sentenced to death and he was proceeding *pro se* on his petition. Thus, based on the foregoing, we affirm the trial court's denial of appellant's Rule 37 petition as untimely. Because of this determination, we decline to address appellant's second point on appeal.

Affirmed.