David GIPSON *v.* STATE of Arkansas

CR 00-1246                                         31 S.W.3d 834

Supreme Court of Arkansas
Opinion delivered November 30, 2000

---

*Rush, Rush & Cook,* by: *J.F. Atkinson, Jr.,* for appellant.

No response.

PER CURIAM. ■ Appellant David Gipson, by his attorney, J.F. Atkinson, Jr., has filed a motion for rule on the clerk. On March 8, 2000, the Sebastian County Circuit Court entered an amended order denying appellant's petition for postconviction relief. On appellant's behalf, Mr. Atkinson filed a timely notice of appeal on April 7, 2000. However, the record was not tendered until October 27, 2000. Mr. Atkinson admits in the instant motion that, as counsel of record, the record was tendered late due to a mistake on his part. We find that such an error, admittedly made by the attorney for a criminal defendant, is good cause to grant the motion. *See In Re: Belated Appeals in Criminal Cases,* 265 Ark. 964 (1979) *(per curiam).* Accordingly, we grant the motion for rule on the clerk. A copy of this opinion will be forwarded to the Committee on Professional Conduct. *Id.*

Mr. Atkinson has also filed a motion to withdraw as appellant's counsel. On April 17, 2000, he filed a similar motion with the circuit court. Although the trial court granted the motion on April 20, 2000, and ordered the appointment of Daniel A. Stewart as substitute counsel, it properly vacated those orders on October 11, 2000, because it lacked jurisdiction to enter the orders in light of the pending appeal. After the notice of appeal has been filed, this

court has exclusive jurisdiction to relieve counsel and appoint new counsel. Ark. R. App. P.—Crim. 16 (2000).

■ Rule 16 of the Rules of Appellate Procedure—Criminal provides that:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the Supreme Court shall have exclusive jurisdiction to relieve counsel and appoint new counsel.

Notably, we have held that Rule 16 applies to postconviction appeals as well as direct appeals from judgments of conviction. *Thomas v. State*, 335 Ark. 262, 264, 983 S.W.2d 122, 123 (1998) (citing *Miller v. State*, 299 Ark. 548, 775 S.W.2d 79 (1989)).

■ Pursuant to Ark. R. Sup. Ct. 4-3(j)(1) (2000), an attorney for a criminal defendant seeking to withdraw after the notice of appeal has been filed must file a motion to be relieved, containing a statement of the reasons for the request to withdraw, and must mail a copy of the motion to the defendant. In support of his motion, Mr. Atkinson explains that his continued representation of appellant creates a conflict of interest arising from his representation of appellant and members of appellant's family in other pending civil and criminal lawsuits. Moreover, Mr. Atkinson states that appellant intends to call him as a witness at trial. According to the certificate of service, he forwarded a copy of the motion to appellant by first-class mail. We find that Mr. Atkinson has complied with the requirements to withdraw as counsel of record.

■ However, we decline to appoint new counsel at this time. The United States Supreme Court has held that there is no constitutional right to an attorney in state postconviction proceedings. *O'Brien v. State*, 339 Ark. 138, 139-140, 3 S.W.3d 332, 333 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997). Similarly, this court has held that the right to counsel ends in Arkansas after the direct appeal of the original criminal trial is completed, and the State is not obligated to provide counsel in postconviction proceedings. *Id.* (citing *Fretwell v. State*, 290 Ark. 221, 718 S.W.2d 109 (1986) (*per*

*curiam*)). We reasoned that because a postconviction proceeding is civil in nature, there is no constitutional right to appointment of counsel. *Id.*

■ In light of the foregoing, we grant J.F. Atkinson, Jr.'s motion to withdraw as appellant's counsel. Should appellant wish to retain new counsel, he must file an appropriate motion with this court. Likewise, Daniel A. Stewart, who tendered the record on appellant's behalf, must file an entry of appearance with this court should he desire to remain Gipson's appellate counsel.