Roger Allen HAMMON *v.* STATE of Arkansas;
Michael Jackson *v.* State of Arkansas;
William Eugene Langley *v.* State of Arkansas

CR 00-1259; CR 00-1383; CR 00-1275 65 S.W.3d 853

Supreme Court of Arkansas
Opinion delivered December 13, 2001
[Amended and Substituted Opinion delivered January 24, 2002]

*Dave Wisdom Harrod*, for appellant Roger Allen Hammon.

*Robert C. Marquette*, Chief Public Defender, for appellant William Eugene Langley.

*Daniel G. Ritchey*, for appellant Michael Jackson.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Dave Wisdom Harrod, Robert C. Marquette, and Daniel G. Ritchey have each filed motions to withdraw as counsel in three separate appeals from circuit court orders denying petitions for postconviction relief under Ark. R. Crim. P. 37. The three motions are treated as a case in order to resolve the construction of Rule 16 of the Arkansas Rules of Appellate Procedure—Criminal in relation to this court's prior case law holding there is no constitutional right to appointment of counsel in state postconviction proceedings. We now hold that, when this court allows court-appointed counsel to withdraw in an appeal of a denial of postconviction relief for sufficient cause shown, the postconviction petitioner is not automatically entitled to the appointment of new counsel. This court may, however, exercise its discretion and appoint counsel for a Rule 37 appellant. Mr. Harrod's motion to withdraw is moot and, therefore, must be denied. Mr. Marquette's motion to withdraw is granted for sufficient cause shown, and we appoint Mr. Charles Kester to represent Mr. Langley in his appeal from an order denying postconviction relief. Mr. Ritchey's motion to withdraw is denied, and his motion to proceed as court-appointed counsel is granted.

## I. *Hammon v. State*

The first of the three combined motions to withdraw is in the case of *Hammon v. State*, CR 00-1259. Roger Allen Hammon was convicted of capital murder and sentenced to life imprisonment

without parole. We affirmed the judgment. *Hammon v. State*, 338 Ark. 733, 2 S.W.3d 50 (1999). Mr. Hammon filed a Rule 37 petition *pro se*, and the circuit court appointed Dave Wisdom Harrod, the public defender for Cleburne County, as counsel for Mr. Hammon in the Rule 37 proceeding. Mr. Harrod represented Mr. Hammon at a hearing on the petition for postconviction relief in White County Circuit Court. On September 14, 2000, the circuit court denied the Rule 37 petition. About one week later, Mr. Harrod terminated his employment with the State Public Defender's Office. On September 26, 2000, Mr. Hammon filed a *pro se* notice of appeal from the denial of his petition for postconviction relief, and the record was lodged in this court on October 31, 2000. Shortly thereafter, Mr. Harrod filed a motion to withdraw as counsel and requested the substitution of the new public defender as attorney of record for Mr. Hammon. We ruled that Mr. Harrod's motion to withdraw should be briefed and submitted as a case.

On February 23, 2001, Mr. Harrod filed an amended motion to withdraw. We denied Mr. Harrod's amended motion to withdraw on March 15, 2001, and allowed him an extension of ninety days in which to file a brief on Mr. Hammon's behalf. On June 20, 2001, Mr. Harrod filed a brief asserting that any appeal in the case would be wholly without merit and asking to be allowed to withdraw as counsel pursuant to Ark. Sup. Ct. R. 4-3(j)(1) (2001). Following Mr. Harrod's filing of the motion and brief, Mr. Hammon filed *pro se* points for reversal.

■ Mr. Harrod's original motion to withdraw as counsel for Mr. Hammon is moot because Mr. Harrod has already filed an abstract and brief on Mr. Hammon's behalf pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Ark. Sup. Ct. R. 4-3(j) (2001). Accordingly, we must deny Mr. Harrod's original motion to withdraw as attorney-of-record.

## II. *Langley v. State*

The second motion to withdraw filed in the case of *Langley v. State*, CR 00-1275, presents us with similar issues and is justiciable. Robert C. Marquette, a full-time, state-salaried public defender, was appointed by the Crawford County Circuit Court to represent William Eugene Langley in his Rule 37 proceeding. The circuit court conducted a hearing and denied the petition. Mr. Marquette timely filed a notice of appeal from the denial of postconviction relief. The record was lodged with our clerk on November 6, 2000.

On November 13, 2000, Mr. Marquette filed a motion to withdraw as attorney for Mr. Langley.

■■ The question before this court is whether Mr. Marquette should be allowed to withdraw from representing Mr. Langley in the appeal from the trial court's denial of his request for postconviction relief. Arkansas case law indicates that, once an attorney represents an appellant in a matter of postconviction relief, the attorney is obligated to continue representing the appellant until relieved by the appropriate court. *See Sanders v. State*, 329 Ark. 363, 952 S.W.2d 133 (1997) (*per curiam*); *Miller v. State*, 299 Ark. 548, 775 S.W.2d 79 (1989) (*per curiam*). After the notice of appeal has been filed, this court has exclusive jurisdiction to relieve counsel. Rule 16 of the Rules of Appellate Procedure—Criminal states:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause. After the notice of appeal of a judgment of conviction has been filed, the Supreme Court shall have exclusive jurisdiction to relieve counsel and appoint new counsel. If court appointed counsel is permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause, new counsel shall be appointed promptly by the court exercising jurisdiction over the matter of counsel's withdrawal.

Ark. R. App. P.—Crim. 16 (2001).

■■ Pursuant to Rule 16, we will allow withdrawal of counsel "in the interest of justice or for other sufficient cause." Mr. Marquette requests withdrawal on the basis that he is a full-time, state-salaried public defender appointed to represent Mr. Langley. He points out that this court has held that full-time, state-salaried public defenders are not entitled to receive additional compensation from the state for their services throughout any appeal to the Arkansas Supreme Court. *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 484 (2000). We have also allowed a public defender to withdraw from representation of a criminal defendant on direct appeal where the attorney was ineligible for compensation by this court pursuant to *Rushing*. *Tester v. State*, 341 Ark. 281, 16 S.W.3d 227 (2000). The attorneys in both *Rushing* and *Tester* were allowed to withdraw on direct appeal, and new attorneys were appointed to represent the defendants.

■ Mr. Marquette seeks to withdraw in an appeal from the denial of postconviction relief. It is clear in *Rushing* and *Tester* that we considered the fact that the attorneys would not be paid for their services on direct appeal as sufficient cause to entitle them to withdraw. The same justification should apply to appeals from orders denying petitions for postconviction relief under Rule 37. As Mr. Marquette is acting in his capacity as a full-time, state-salaried public defender, he is prohibited from receiving "any funds . . . or other thing of monetary value, directly or indirectly, for the representation of an indigent person pursuant to court appointment, except the compensation authorized by law." Ark. Code Ann. § 16-87-214 (Supp. 2001). The legislature expressly subjected the Public Defender Commission to the Regular Salary Procedures and Restrictions Act. *See* Act 1379 of 1999, § 1; Ark. Code Ann. §§ 19-4-1601—1615 (Repl. 1998 and Supp. 2001).[1] As of November 13, 2000, when Mr. Marquette filed his motion to withdraw, "this Act, in essence, prohibit[ed] the public defender from receiving compensation from the State in an amount greater than that established by the General Assembly as the maximum annual salary for the employee." *Rushing v. State*, 340 Ark. at 86, 8 S.W.3d at 490. Thus, Mr. Marquette could not be compensated by this court for any work on the appeal. Under Rule 16, Mr. Marquette must continue to represent Mr. Langley on appeal of the denial of his request for postconviction relief until this court has relieved him as counsel. Pursuant to our precedent in *Rushing* and *Tester*, Mr. Marquette has shown sufficient cause to be relieved from representation of Mr. Langley. His motion to withdraw is hereby granted.

■■ Mr. Langley has now filed a *pro se* motion for appointment of counsel and motion for extension of time to file his brief. The question then becomes whether this court must appoint new counsel to replace Mr. Marquette. Both the United States Supreme Court and this court have held that there is no constitutional right to an attorney in state postconviction proceedings. *Coleman v. Thompson*, 501 U.S. 722 (1991); *O'Brien v. State*, 339 Ark. 138, 3 S.W.3d 332 (1999) (*per curiam*); *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997). Similarly, this court has held that the right to counsel ends in Arkansas after the direct appeal of the original criminal trial is completed, and the State is not obligated to provide

---

[1] Act 1370 of 2001 amended Ark. Code Ann. § 19-4-1604 to provide that "[p]ersons employed as full-time public defenders who are not provided a state-funded secretary may also seek compensation for appellate work from the Arkansas Supreme Court or the Arkansas Court of Appeals." This amendment contains no clause allowing retroactive application.

counsel in postconviction proceedings. *Fretwell v. State*, 290 Ark. 221, 718 S.W.2d 109 (1986) (*per curiam*). *See also Gipson v. State*, 343 Ark. 44, 31 S.W.3d 834 (2000) (*per curiam*). Our reasoning has been that a postconviction proceeding is civil in nature and, thus, there is no constitutional right to appointment of counsel as part of a criminal proceeding. *Fretwell v. State, supra.*

 Though the last sentence of Rule 16 requires new counsel to be appointed promptly by the court when court-appointed counsel is permitted to withdraw, that language was not added to the rule until January 13, 2000.[2] Prior to our adoption of the additional language, this court held that Rule 16 applied to post-conviction appeals as well as direct appeals from judgments of conviction. *Thomas v. State*, 335 Ark. 262, 983 S.W.2d 122 (1998) (*per curiam*); *Sanders v. State*, 329 Ark. 363, 952 S.W.2d 133 (1997) (*per curiam*); *Miller v. State*, 299 Ark. 548, 775 S.W.2d 79 (1989) (*per curiam*). However, we have never held that the new language adopted by this court in the 2000 amendment to Rule 16 applies to postconviction appeals. While we clearly have exclusive jurisdiction under Rule 16 to relieve counsel after the notice of appeal in a postconviction proceeding has been filed, the amendment to Rule 16 requiring the prompt appointment of new counsel applies only to direct appeals and not to postconviction proceedings, as there is no constitutional right to counsel in state postconviction proceedings.

 Nonetheless, we have the discretion to appoint attorneys for indigent appellants in Rule 37 cases. Rule 37.3(b) of the Arkansas Rules of Criminal Procedure states:

> If the original petition, or a motion for appointment of counsel should allege that the petitioner is unable to pay the cost of the proceedings and to employ counsel, and if the court is satisfied that the allegation is true, the court *may at its discretion* appoint counsel for the petitioner for any hearing held in the circuit court. If a petition on which the petitioner was represented by counsel is denied, counsel shall continue to represent the petitioner for an appeal to the Supreme Court, unless relieved as counsel by the circuit court or the Supreme Court. If no hearing was held or the petitioner proceeded *pro se* at the hearing, the circuit court may at

---

[2] The Reporter's Notes to Rule 16 indicate that the last sentence of the Rule was added by a *Per Curiam* amendment on January 13, 2000, in order "to require the prompt appointment of substitute appellate counsel when the court permits the withdrawal of counsel."

its discretion appoint counsel for an appeal upon proper motion by the petitioner.

Ark. R. Crim. P. 37.3(b) (emphasis added).[3] Likewise, this court may exercise its discretion and appoint counsel upon proper motion by the petitioner. Mr. Langley has made such a motion to this court. Pursuant to Act 169 of 2001, the General Assembly appropriated funds to the Arkansas Supreme Court for the payment of "Court Appointed Attorneys." As funds are available to compensate an attorney appointed by this court to represent Mr. Langley, we hereby appoint Mr. Charles Kester to represent Mr. Langley in his appeal of the order denying him postconviction relief. We grant Mr. Langley an extension of 60 days in which to file his brief, making his brief due on or before March 25, 2002.

### III. Jackson v. State

The third and final motion to withdraw was filed in the case of *Jackson v. State*, CR 00-1383. Michael Jackson was convicted of First Degree Battery and sentenced to 240 months in the Arkansas Department of Correction. Following a timely appeal, the Arkansas Court of Appeals affirmed his conviction. *Jackson v. State*, CA CR 99-325 (Ark. App. November 3, 1999). Mr. Jackson filed a Rule 37 petition *pro se*. The circuit court appointed Daniel G. Ritchey to represent Mr. Jackson in the Rule 37 proceeding. The court held a hearing and denied Mr. Jackson's petition. Mr. Ritchey filed a notice of appeal at Mr. Jackson's request and, subsequently, filed a motion to withdraw in this court. In his motion, Mr. Ritchey asks, in the alternative, for authority to proceed with the appeal as court-appointed counsel. He further petitions for a writ of certiorari to complete the record. In the event alternative relief is granted, he

---

[3] We note that Ark. R. Crim. P. 37.5(b)(1)(A) provides that, upon this court's affirmance of a sentence of death, the circuit court that imposed the sentence of death shall conduct a hearing to consider the appointment of an attorney to represent the person in postconviction proceedings. If the person rejects the appointment of an attorney, the waiver must be made in open court on the record. Ark. R. Crim. P. 37.5(b)(2). If the circuit court determines that the person is indigent and that he either accepts the appointment of an attorney or is unable to make a competent decision whether to accept or reject an attorney, the circuit court must issue written findings to that effect and enter a written order appointing an attorney to represent the person. Ark. R. Crim. P. 37.5(b)(2). The appointment of an attorney under Rule 37.5 remains effective through an appeal to the Supreme Court. Ark. R. Crim. P. 37.5(c). All compensation and reasonable expenses authorized by the courts are to be paid pursuant to Ark. Code Ann. § 16-91-202(f), or as otherwise provided by law. Ark. R. Crim. P. 37.5(j).

requests a waiver of the requirement that an affidavit of indigency be filed in ·order to proceed in forma pauperis or an extension of time for filing the affidavit due to Mr. Jackson's incarceration. In addition, Mr. Ritchey requests an extension of time to file the record.

As previously stated, there is no constitutional right to an appointed attorney in state postconviction proceedings. However, Mr. Ritchey filed a notice of appeal on Mr. Jackson's behalf and is obligated to continue to represent Mr. Jackson under Rule 16 of the Rules of Appellate Procedure—Criminal unless this court relieves him as counsel. In his Supplemental Motion to Withdraw as Attorney-of-Record, Mr. Ritchey states that he has received no compensation for court-appointed representation of Mr. Jackson to date and has no means to obtain compensation for representation from Mr. Jackson on his postconviction proceeding. Counsel asserts that he should not be required to continue to represent Mr. Jackson without compensation. Mr. Ritchey makes three additional requests on behalf of Mr. Jackson: (1) motion to waive the requirement that an affidavit of indigency be filed in order to proceed in forma pauperis or, in the alternative, motion for an extension of time to file such an affidavit; (2) petition for a writ of certiorari to complete the record; and (3) motion for an extension of time to file the record.

We note first that the notice of appeal in this case was filed on September 19, 2000, and Mr. Ritchey tendered a partial record certified by the clerk of the trial court on November 28, 2000. Because the time for lodging a properly certified record had not expired at the time Mr. Ritchey tendered the partial record in this case, we direct the clerk to file said record. *See* Ark. R. App. P.—Civ. 5.

██ ██ We now appoint Mr. Ritchey to continue his representation of Mr. Jackson as court-appointed counsel. Pursuant to Act 169 of 2001, Mr. Ritchey will be entitled to compensation from this court for his services on appeal. We grant the motion for extension of time to file an affidavit of indigency, which affidavit must be filed in this court on or before February 18, 2002. Upon the filing of such affidavit, we direct the clerk to issue a writ of certiorari to the circuit clerk and court reporter to complete the record within thirty days of the issuance of the writ. Likewise, we grant an extension of time to file the complete record. The deadline for filing the complete record shall be no later than thirty days after the issuance of the writ of certiorari. Mr. Ritchey, as the attorney-of-record, is hereby directed to proceed accordingly.

Motion to withdraw as attorney-of-record denied in CR 00-1259; Motion to withdraw as attorney-of-record granted and appointment of new counsel granted in CR 00-1275; In CR 00-1383, motion to withdraw as attorney-of-record denied, motion to proceed as court-appointed counsel granted, motion for extension of time to file affidavit of indigency granted, petition for writ of certiorari to complete record granted upon timely filing of affidavit of indigency, and motion for extension of time to file the record granted.