Ricky L. SCOTT *v.* STATE of Arkansas

CR 01-1052                                                72 S.W.3d 840

Supreme Court of Arkansas
Opinion delivered April 18, 2002

*Jeanne E. Richards*, for appellant.

No response.

P ER CURIAM. Attorney Jeanne E. Richards petitions to withdraw as counsel for Ricky L. Scott in this Rule 37 appeal. Ms. Richards shows this court that on April 5, 2001, she terminated the attorney–client relationship with Scott when they "reached radically different conclusions on how to proceed with his Rule 37 petition." She states that these disagreements were "fundamental and devisive." Since that time, she closed her criminal law practice in the fall 2001, and now works as a staff attorney for the State of Arkansas.

On May 10, 2001, Scott filed a timely *pro se* notice of appeal. On May 21, 2001, an order was entered by the trial court removing Ms. Richards as counsel. On September 10, 2001, Scott completed an affidavit of indigence. On September 20, 2001, a record

was tendered to this court 133 days after the notice of appeal was filed. A motion for rule on clerk and for appointment of counsel was subsequently filed in this court.

On February 21, 2002, we handed down a *per curiam* opinion where we stated that Ms. Richards had not been relieved as counsel by this court at the time the notice of appeal was filed, as required under Ark. R. App. P.—Crim. 16, and that in order for the record tendered on September 20, 2001, to be filed late, Ms. Richards must admit fault in not having the record timely filed. *Scott v. State*, 2002 WL 253906 (Feb. 21, 2002) (*per curiam*). By affidavit, Ms. Richards admitted fault for the late filing of the record. On March 11, 2002, the Criminal Justice Coordinator for this court accepted the tendered record and set the briefing schedule, with Scott's brief due on April 20, 2002.

■ We grant Ms. Richard's motion to withdraw owing to her changed circumstances. We hereby appoint Didi Moak to assist Scott in this Rule 37 appeal and request the Criminal Justice Coordinator to reset the briefing schedule. *See Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (Substituted opinion Jan. 24, 2002).

A copy of this opinion will be forwarded to the Committee on Professional Conduct.