

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-715

|  |  |
|---|---|
| | **Opinion Delivered** May 28, 2014 |
| TROY LAWRENCE MCCULLEY<br>APPELLANT | APPEAL FROM THE POINSETT<br>COUNTY CIRCUIT COURT<br>[NO. CR-2012-050] |
| V. | HONORABLE BRENT DAVIS,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

Troy McCulley appeals his conviction for rape, arguing that the circuit court erred in (1) denying his motion to suppress certain items seized in a search of his residence, and (2) allowing a witness to state the titles of certain adult videos found at his residence during the search. We hold that McCulley's arguments are not preserved for our review and affirm.

In a criminal information filed 23 February 2012, McCulley was charged with a number of crimes including rape. In January 2013, McCulley filed a motion to suppress certain evidence seized from his home pursuant to a search warrant, arguing that the search was "overreaching" and that items outside the scope of the warrant were seized, including adult videos and photographs of nude adult women. McCulley asked that the adult videos and photographs be suppressed as being outside the scope of the warrant and unfairly prejudicial under Ark. R. Evid. 403.

SLIP OPINION

The court held a hearing on the motion to suppress on 12 February 2013, at which Eric Wilbanks, a former detective with the Trumann Police Department, testified to the following. On 5 January 2012, Donna and Jack Ramsey reported that their sixteen-year-old daughter, A.R., had possibly been drugged at McCulley's residence, and A.R. tested positive for methamphetamine. A.R. was with her aunt, Loretta Collette, during the time in question, and during Wilbanks's interview with Collette, she described some "sexual acts that were performed on [A.R.]." Specifically, Collette admitted to Wilbanks that she had given A.R. a drink spiked with methamphetamine and that McCulley had taken A.R. to an outside shed where he had a bed and video cameras set up. Collette told Wilbanks that "both she and [McCulley] then had sex with [A.R.] and that [Collette] recorded some of the act[s] with a cellular phone."

Wilbanks prepared an affidavit for a search warrant for McCulley's residence, seeking permission to look for "[p]hysical or digital evidence of a sexual crime being committed against [A.R.], in a shed where it was supposed to have happened." The affidavit specified "computers, cell phones, video surveillance equipment, etc. located inside the residence and in outside storage buildings" that might contain "video footage of sexual acts performed on and with a 16 year drugged victim." The warrant issued; so Wilbanks and other officers executed it on 16 January 2012, and recovered a total of seventy-nine items, including several VHS tapes of adult videos that were pornographic in nature, several pairs of handcuffs, a set of leg shackles, several tape and video recorders, a number of cell phones, sex toys, lubricant, pills, and suspected marijuana seeds.

Detective Lennie Becker also testified at the suppression hearing and specifically recalled a black metal container that was found among the evidence in the McCulley case. Inside that container was an envelope containing, among other things, nude photos of an unidentified adult woman. Eric Wilbanks was recalled to the stand and explained that the metal container was seized during his search of McCulley's residence but that he inadvertently left it off of the evidence-seized form. The court ultimately ruled that the videotapes were "obviously . . . within the scope of the search warrant" but that the photographs of the adult woman were excluded "based on unfair prejudice." After a jury trial, McCulley was found guilty of rape and sentenced to thirty years' imprisonment. McCulley now appeals his conviction.[1]

McCulley first argues that there were several problems with the search warrant, including (1) a discrepancy in the time that the affidavit was filed and the time that Judge Hunter signed the warrant; (2) Wilbanks's failure to sign the affidavit in the presence of the judicial officer; and (3) credibility issues with both Collette and Wilbanks. McCulley asserts that this "cumulation of errors" should have resulted in the suppression of all seventy-nine items seized from his home.

In response, the State contends that McCulley failed to raise any challenge below to the affidavit supporting the search warrant or to seek suppression of any of the seized evidence other than the adult photographs and videotapes. Thus, the State argues, McCulley's

---

[1]McCulley also received a $1000 fine for possession of drug paraphernalia; that conviction is not at issue on appeal.

argument is not preserved for our review.

In reply, McCulley acknowledges that he did not raise these specific arguments below but creatively argues that "the issue of the validity of the search warrant and the underlying affidavit were tried by express or implied consent of the parties," citing Ark. R. Civ. P. 15(b). He acknowledges that Rule 15(b) is a rule of civil procedure but "submits that as a criminal defendant, his rights at trial and on appeal should be no less than those afforded a civil litigant."

We agree that McCulley did not raise these arguments challenging the warrant below. This court will not consider arguments raised for the first time on appeal, and a party is bound on appeal by the nature and scope of the arguments presented at trial. *Reed v. State*, 2011 Ark. App. 352, 383 S.W.3d 881. Regarding his Rule 15(b) argument, McCulley cites no authority for the proposition that this rule of civil procedure can be used to effect in this case. McCulley's arguments are not preserved for our review, so we affirm.

For his second point on appeal, McCulley argues that he suffered "severe prejudice" from testimony that the police found several adult videos at his residence and specifically from testimony stating the titles of those videos. At trial, Wilbanks testified that he seized several VHS tapes from McCulley's residence, with titles such as *If My Mother Only Knew*, *Deepthroat*, *The Portholes*, *Candyass*, and *Backdoor to Hollywood*. McCulley raised no objection to this testimony. A short time later (approximately thirteen pages later in the record), the State again asked Wilbanks about one of the adult videos, at which time McCulley objected, stating, "I was under the understanding that we weren't going to start dragging out all of these

4

adult videos." The court instructed the State to refer to the videos as "adult" as opposed to "pornographic" and opined that "to go through each one of them to make sure of the title and make sure they understand it, seems to be an overshoot."

On appeal, McCulley appears to argue that his motion to suppress the videos, which was denied prior to trial, encompassed a request that the titles of those videos also be suppressed, and he asserts that the court "should have ruled that the Prosecution was not allowed to mention the videotapes by their suggestive names." In response, the State argues that McCulley failed to timely object to Wilbanks's testimony concerning the titles of the adult videotapes, and that when he did object, his objection was sustained.

We disagree with McCulley's suggestion that his motion to suppress included a request to suppress the titles of the adult videos found in his residence. And we agree with the State that his objection at trial was not timely. A defendant's failure to make a contemporaneous objection to testimony prevents him from asserting on appeal any error on the part of the trial court for admitting the evidence. *See Hardman v. State*, 356 Ark. 7, 144 S.W.3d 744 (2004). We affirm on this point, too.

Affirmed.

WALMSLEY and WYNNE, JJ., agree.

*Steven R. Davis*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.