SLIP OPINION

Cite as 2015 Ark. 415

# SUPREME COURT OF ARKANSAS

No. CR-15-817

| | | |
|---|---|---|
| TROY L. McCULLEY | | **Opinion Delivered** November 5, 2015 |
| | APPELLANT | |
| V. | | MOTION FOR RULE ON CLERK |
| STATE OF ARKANSAS | | |
| | APPELLEE | MOTION GRANTED. |

**PER CURIAM**

Appellant Troy McCulley was convicted of one count of rape and four counts of possession of drug paraphernalia in the Poinsett County Circuit Court. Those convictions were affirmed on direct appeal, *McCulley v. State*, 2014 Ark. App. 330, and through counsel, McCulley subsequently filed a petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. After the circuit court denied his petition, McCulley filed a pro se notice of appeal on April 28, 2015, and his counsel filed a notice of appeal on May 8, 2015. The record was not timely lodged with the clerk of our court. McCulley's counsel, Mr. Steven R. Davis, has filed a motion for rule on clerk, asserting that he (counsel) learned after filing the notice of appeal that appellant would be unable to pay him and that he informed appellant that he should pursue his appeal pro se. Counsel admits that he did not tender the record in this case and states that he has no knowledge of how the record arrived at the clerk's office on September 28, 2015.

In *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004), this court clarified its treatment of motions for rule on clerk and motions for belated appeal. We said that there are

only two possible reasons for an appeal not to be timely perfected—either the party or attorney filing the appeal is at fault or there is good reason. *Id*. at 116, 146 S.W.3d at 891.

In the present case, counsel does not expressly admit fault, nor does he offer good reason for the record being tendered late. He mistakenly believes that he could cease representing McCulley without permission from the court. However, this court has explained that when an attorney represents someone in a Rule 37 proceeding, he or she is obligated to remain as the petitioner's attorney until relieved by the trial court or this court; this rule applies to appeals of orders denying postconviction relief. *See Sanders v. State*, 329 Ark. 363, 952 S.W.2d 133 (1997). It is plain from the motion and record before us that there was error on Mr. Davis's part in failing to timely lodge the record. Accordingly, the motion for rule on clerk is granted, and a copy of this opinion will be forwarded to the Committee on Professional Conduct.

Motion granted.

HART, J., dissents.

**JOSEPHINE LINKER HART, JUSTICE, dissenting.** After the denial of his petition for postconviction relief, Troy L. McCulley filed his pro se notice of appeal. His counsel, Steven R. Davis, also filed a notice of appeal. In a motion for rule on clerk filed by Davis, he states that he filed the notice of appeal at the request of McCulley's sister, but after filing the notice of appeal, Davis learned that neither McCulley nor his sister would be able to pay for the appeal. In his motion, Davis further states that he advised McCulley in writing that he would not represent him on appeal and advised him how to file a pro se appeal. Davis notes further

that McCulley filed his own notice of appeal and indicated to him that he would pursue the appeal himself. Davis further states that he did not attempt to lodge the record and does not know how the record arrived at the clerk's office. Nonetheless, Davis states that he does not want McCulley to lose his right to appeal and further states that if the motion for rule on clerk is granted, he intends to file a motion for leave to withdraw.

The majority cites *Sanders v. State*, 329 Ark. 363, 952 S.W.2d 133 (1997) (holding limited by *Hammon v. State*, 347 Ark. 267, 65 S.W.3d 853 (2002)), for the proposition that, when an attorney represents a petitioner in a postconviction proceeding, the attorney is obligated to file the record and remain as attorney until relieved. The majority then concludes that is was error on Davis's part in failing to timely lodge the record, grants the motion for rule on clerk, and forwards a copy of the opinion to the Committee on Professional Conduct. I note that the opinion relied on by the majority does not explain who requested the record in that case, who paid for it, or when or if it came into counsel's possession.

In *Houston v. State*, 263 Ark. 607, 566 S.W.2d 403 (1978), counsel for a postconviction petitioner was similarly faced with a client who did not have funds for an appeal and advised the client how to pursue an appeal. In *Houston*, we stated, "An attorney should not be required to order the transcribed record at his own expense," and held that because the petitioner delayed before he took affirmative action to pursue an appeal, any delay was caused solely by the petitioner and was without justification. *Id.* at 609, 566 S.W.2d at 404. Further, in *Hammon*, 347 Ark. 267, 65 S.W.3d 853 (relieving a public defender who could not be compensated for work in a postconviction appeal), we stated that there is no constitutional

right to counsel in state postconviction proceedings and held that the inability to receive compensation is sufficient cause to be relieved from representation of a petitioner.

Postconviction matters are considered civil in nature. *See, e.g.*, *Henson v. State*, 2015 Ark. 302, 468 S.W.3d 264. A motion for rule on clerk is rarely granted in civil matters, and none of those rare exceptions apply here. *See Williams v. Helena Reg'l Med. Ctr.*, 2012 Ark. 126. Nevertheless, the majority permits the record to be filed, imposes on Davis the obligation to obtain a record in a civil appeal and continue to represent McCulley, without compensation, even though McCulley was pursuing the appeal pro se, and even though Davis was entitled to be relieved as counsel. This court has held that the services of an attorney are subject to Fifth and Fourteenth Amendment protection. *Arnold v. Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991). By imposing this obligation on Davis, the majority takes Davis's property.

In accordance with the above, the duty to perfect the appeal by filing the record was on McCulley, not on Davis. Thus, there is no basis for sending a copy of this opinion to the Committee on Professional Conduct. I respectfully dissent.