Josephine Linker Hart, Justice, dissenting. After the denial of his petition for post-conviction relief, Troy L. McCulley filed his pro se notice of appeal. His counsel, Steven R. Davis, also filed a notice of appeal. In a motion for rule on clerk filed by Davis, he states that he filed the notice of appeal at the. request of McCulley’s sister, but after filing the notice of appeal, Davis learned that neither McCulley nor his sister would be able to pay for the appeal. In his motion, Davis further states that he advised McCulley in writing that he would not represent him on appeal and advised him how to file a pro se appeal. Davis notes further |sthat McCul-ley filed his own notice of appeal and indicated to him that he would pursue the appeal himself. Davis further states that he did not attempt to lodge the record and does not know how the record arrived at the clerk’s office. Nonetheless, Davis states that he does not want McCulley to lose his right to appeal and further states that if the motion for rule on clerk is granted, he intends to file a motion for leave to withdraw. The majority cites Sanders v. State, 329 Ark. 363, 952 S.W.2d 133 (1997) (holding limited by Hammon v. State, 347 Ark. 267, 66 S.W.3d 853 (2002)), for the proposition that, when an attorney represents a petitioner in a postconviction proceeding, the attorney is obligated to file the record and remain as attorney until relieved. The majority then concludes that is was error on Davis’s part in failing to timely lodge the record, grants the motion for rule on clerk, and forwards a copy of the opinion to the Committee on Professional Conduct. I note that the opinion relied on by the majority does not explain who requested the record in that case, who paid for it, or when or if it came into counsel’s possession. In Houston v. State, 263 Ark. 607, 566 S.W.2d 403 (1978), counsel for a postcon-viction petitioner was similarly faced with a client who did not have funds for an appeal and advised the client how to pursue an appeal. In Houston, we stated; “An attorney should not be required to order the transcribed record at his own expense,” and held that because the petitioner delayed before he took affirmative action to pursue an appeal, any delay was caused solely by the petitioner and was without justification. Id. at 609, 566 S.W.2d at 404. Further, in Hammon, 347 Ark. 267, 65 S.W.3d 853 (relieving a public defender who could not be compensated for work in a postconviction appeal), we stated that there is no constitutional |4right to counsel in state postconviction proceedings and held that the inability to receive compensation is sufficient cause to be relieved from representation of a petitioner. Postconviction matters are considered civil in nature. See, e.g., Henson v. State, 2015 Ark. 302, 468 S.W.3d 264. A motion for rule on clerk is rarely granted in civil matters, and none of those rare exceptions apply here. See Williams v. Helena Reg’l Med. Ctr., 2012 Ark. 126, 2012 WL 859697. Nevertheless, the majority permits the record to be filed, imposes on Davis the obligation to obtain a record in a civil appeal and continue to represent McCul-ley, without compensation, even though McCulley was pursuing the appeal pro se, and even though Davis was entitled to be relieved as counsel. This court has held that the services of an attorney are subject to Fifth and Fourteenth Amendment protection. Arnold v. Kemp, 306 Ark. 294, 813 S.W.2d 770 (1991). By imposing this obligation on Davis, the majority takes Davis’s property. In accordance with the above, the duty to perfect the appeal by filing the record was on McCulley, not on Davis. Thus, there is no basis for sending a copy of this opinion to the Committee on Professional Conduct. I respectfully dissent.