STATE of Arkansas *v.* Robert A. ROBBINS

CR 98-1394                               985 S.W.2d 296

Supreme Court of Arkansas
Opinion delivered February 11, 1999

*Mark Pryor*, Att'y Gen., by: *Todd L. Newton*, Ass't Att'y Gen., and *Kelly K. Hill*, Deputy Att'y Gen., for appellant.

*Val P. Price*, for respondent.

P ER CURIAM. By *per curiam* order entered on December 11, 1998, this court affirmed the trial court's finding that Respondent Robert A. Robbins knowingly and intelligently waived his right to appeal his capital murder conviction and death sentence. *State v. Robbins*, 335 Ark. 380, 985 S.W.2d 293 (1998). We directed the trial court to conduct a hearing pursuant to Rule 37.5 of the Arkansas Rules of Criminal Procedure within twenty-one days of the mandate. *Id.* We also directed the trial court to issue findings and to return the court's transcript and findings to this court for final review. *Id.*

The trial court conducted the hearing pursuant to Rule 37.5 on December 17, 1998, and issued its findings on December 17, 1998. The transcript of the hearing, included the trial court's findings, was filed with this court on December 21, 1998. On December 22, 1998, the State filed a motion for review and a motion to dissolve stay of execution. We granted the State's motions on January 14, 1999, and issued the mandate on the same day.

■ The State has now filed a motion for clarification on January 21, 1999, in which it seeks clarification with regard to this court's order entered on January 14, 1999. Specifically, the State wants to know whether additional findings will be entered by this court before the State seeks an execution date. In accordance with our December 11, 1998, *per curiam* order, and in response to the State's motion for review and motion to dissolve stay of execution filed on December 22, 1998, this court made its final review of the trial court's transcript and findings before it granted the State's motions on January 14, 1999. To the extent that there may be any question about what we meant when we granted the State's motions on January 14, 1999, the trial court's findings have been fully and finally reviewed by this court and the stay of execution was dissolved upon issuance of the mandate on January 14, 1999. When we granted the State's motion for review and motion to dissolve stay of execution on January 14, 1999, we implicitly upheld the trial court's finding that Mr. Robbins knowingly and intelligently waived his right to appointment of an attorney under Rule 37.5.