STATE of Arkansas *v.* Robert A. ROBBINS, Appellee;
Bobbye Jeanne Robbins, Next Friend and Intervenor

CR 98-1394                                                987 S.W.2d 709

Supreme Court of Arkansas
Opinion delivered April 8, 1999

*Winston Bryant,* Att'y Gen., by: *Todd L. Newton,* Ass't Att'y Gen., and *Kelly K. Hill,* Deputy Att'y Gen., for appellant.

*Val P. Price,* for appellee.

*Jeff Rosenzweig,* for next friend and intervenor.

P ER CURIAM. On June 17, 1998, a jury convicted Mr. Robert A. Robbins of capital murder and sentenced him to death. By *per curiam* order entered on December 11, 1998, we affirmed the trial court's finding that Mr. Robbins had properly waived his right to appeal. *State v. Robbins,* 335 Ark. 380, 985 S.W.2d 293 (1998). In an unpublished mandate entered on December 22, 1998, and a *per curiam* order clarifying that mandate, we held that Mr. Robbins had properly waived his right to postconviction remedies under Ark. R. Crim. P. 37. *State v. Robbins,* 336 Ark. 377, 985 S.W.2d 296 (1999). Mr. Robbins was then scheduled for execution on April 12, 1999.

Currently, Ms. Bobbye Jeanne Robbins, Mr. Robbins's mother, has filed a "petition of next friend to recall mandate, for stay of execution and for reexamination of legal and factual issues." We grant the request for a stay of execution, recall our

December 22, 1998 mandate, and order the parties to brief the following issues:

1. Does Ms. Robbins have standing to intervene as a next friend for her son, and, if so, is it appropriate for us to consider her arguments at this time?

2. Should the entire record of the trial in which Mr. Robbins was found guilty and sentenced to death be reviewed to determine whether Mr. Robbins was competent to waive his right to appeal and his postconviction remedies under Rule 37?

3. Should this court overrule *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988), and its progeny, and impose mandatory review for trial error in all death-penalty cases regardless of whether the defendant desires such a review?

4. If this court imposes mandatory review of the trial errors in this case, should we then appoint an attorney ad litem for Mr. Robbins to ensure that the record is properly examined and all issues are briefed?

The clerk of this court shall establish the briefing schedule. Because Ms. Robbins is the moving party, she shall proceed first in the preparing and filing of her brief. Finally, the stay of execution shall continue until this court renders its opinion in this matter.