.Kenneth Joel RUSHING *v.* STATE of Arkansas

CR 98-1312                                    8 S.W.3d 489

Supreme Court of Arkansas
Opinion delivered January 13, 2000

*Jim Pedigo*, Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

L AVENSKI R. SMITH, Justice. We recently affirmed Kenneth Joel Rushing's conviction and life sentence for the first-degree murder of William Jack Allen. *Rushing v. State*, 338 Ark. 277, 992 S.W. 2d 789 (1999). Public defender Jim Pedigo of Miller County represented Rushing as trial counsel and subsequently as appellate counsel. Pedigo now motions this court for attorney's fees under Ark. Sup. Ct. R. 6-6 for his work on Rushing's criminal appeal. Pedigo contends that he is entitled to attorney's fees under Ark. Sup. Ct. R. 6-6(c) despite his employment as a full-time public defender. Pedigo argues that his public-defender salary only compensated him for his trial work, not his appellate work. He takes the position that no prohibition exists to prevent his petitioning this court for attorney's fees for appellate work done for indigent clients during non-office hours. In response, the State argues that Rule 6-6(c) applies only to appointed counsel not otherwise paid, and that Ark. R. App. P.—Crim. 16 requires all counsel to represent defendants through their direct appeal unless relieved. We agree with the State and deny Pedigo's motion for attorney's fees.

*Facts*

Pedigo has been a salaried, full-time public defender since January 1, 1998. Pedigo states in his brief that he prepared Rushing's appeal in forty-four hours during weekends and evenings. He indicates that he did so because regular office hours were inadequate due to the heavy caseload in the 8th Judicial District public defender's office. He also asserts the Director of the Public Defenders Commission told him that he was to obtain compensation for appellate work from the appellate court. He provides no evidence of this comment. He does attach to his motion a letter from Didi Sallings, Executive Director of the Public Defender Commission, in which Sallings tells Pedigo that he is responsible for representing his client at all stages of proceedings. Sallings also told Pedigo that it was Commission policy that public defenders not seek compensa-

tion from the appellate courts. He asserts that the public-defender statutes provide only for compensation for work done at the trial level.[1] Therefore, he contends he is entitled to payment under Rule 6-6(c) for work on Rushing's appeal.

*Statutory Provisions*

■■ The Constitution of the United States and the Arkansas Constitution require appointment of counsel for indigent defendants in criminal cases. *Gideon v. Wainwright*, 372 U.S. 335 (1963); *State v. Post*, 311 Ark. 510, 845 S.W.2d 487 (1993). Arkansas has accomplished this by appointment of private counsel compensated with public funds and through full- or part-time public defenders. *Mears, County Judge v. Hall*, 263 Ark. 827, 569 S.W. 91 (1978). The legislature created the State's current public-defender system with Act 1193 of 1993. This Act, which is codified in Ark. Code Ann. §§ 16-87-201—16-87-216 (Supp. 1999), governs Pedigo's employment. Public-defender salaries, including Pedigo's, are set by the Arkansas Public Defender Commission. Ark. Code Ann. § 16-87-107 (Repl. 1987). Public defenders are prohibited from receiving "any funds, services or other thing of monetary value, directly, or indirectly, for the representation of an indigent person pursuant to court appointment, except the compensation provided by law." Ark. Code Ann. § 16-87-214. The legislature in its enactment of the appropriation of funds for the Public Defender Commission expressly subjected the Commission to the Regular Salary Procedures and Restrictions Act. *See* Act 1379 of 1999, § 1; Ark. Code Ann. §§ 19-4-1601—1615. As applied to a state-salaried public defender, this Act, in essence, prohibits the public defender from receiving compensation from the State in an amount greater than that established by the General Assembly as the maximum annual salary for the employee.

---

[1] See Ark. Code. Ann § 16-87-306 listing duties of public defenders. This statute however, does not exempt public defenders from the requirements of Ark. R. App. P. -Crim. 16.

*Supreme Court Rules*

Ark. Sup. Ct. R. 6-6(c) states in pertinent part: "All motions for attorney's fees from attorneys appointed to represent indigent appellants in criminal cases shall contain...." Rule 6-6(c), by its terms, applies to attorneys "appointed to represent indigent appellants in criminal cases...." While it might appear that this could include salaried public defenders appointed to represent indigent appellants, we hold it does not. When considered with the relevant public-defender statutes, it is evident that the reference to appointed counsel in Rule 6-6(c) is to attorneys not otherwise compensated for their representation. In the instant case, the Miller County Circuit Court appointed Pedigo to represent defendant Rushing. At the time of his appointment and at all times since, Pedigo received compensation from the State of Arkansas as a full-time public defender. Once Pedigo undertook representation of Rushing as trial counsel, he was obligated to continue that representation "throughout any appeal to Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw...." Ark. R. App. P.—Crim. 16. In that he remained a salaried, full-time public defender during the appeal, he is not entitled to receive any additional compensation from the State for his services.

Motion denied.