STATE of Arkansas *v.* Robert A. ROBBINS;
Bobbye Jeanne Robbins, Next Friend and Intervenor

CR 98-1394                                          9 S.W.3d 500

Supreme Court of Arkansas
Opinion delivered January 27, 2000

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellant.

No response.

*Jeff Rosenzweig*, for next friend and intervenor.

PER CURIAM. On December 2, 1999, we issued a writ of *certiorari* for the record in this case so that a review for prejudicial errors could be conducted. *See State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999) (*Robbins*). Following the issuance of the

writ, we received numerous motions filed by the State as well as a number of motions filed by Mr. Rosenzweig on behalf of Bobbye Jeanne Robbins.

First, we note that the State incurred no new responsibilities pursuant to our opinion in *Robbins*, but continues to have the responsibilities previously articulated by court rules. Specifically, as we stated in *Robbins*, the Attorney General's office will continue to be responsible for certifying to us that all objections have been abstracted and will retain the duty of briefing any other points that appear to involve prejudicial errors. *See* Ark. Sup. Ct. R. 4-3(h).

Next, we note that it was the intent of this court that the counsel appointed pursuant to our decision in *Robbins* would not serve as a representative of a party but rather would assist the court in its review. Because of Mr. Rosenzweig's representation of Bobbye Jean Robbins, a conflict of interest exists and that conflict prevents Mr. Rosenzweig's appointment to perform the mandatory review duties set out in *Robbins*. Accordingly, we relieve Mr. Rosenzweig and hereby appoint Ms. Lea Ellen Fowler to perform the duties outlined in *Robbins* to assist this court in its review of the record. Specifically, appointed counsel shall abstract the record and assist the court in its determination (1) whether any errors raised in the trial court are prejudicial to the defendant, in accordance with Ark. Code Ann. §16-91-113(a) (1987) and Ark. S. Ct. R. 4-3 (h); (2) whether any plain errors covered by the exceptions outlined in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980) have occurred; and (3) whether other fundamental safeguards were followed. *See Robbins, supra.*

Finally, noting that the court reporter has assured the parties that the record will be available in February 29, 2000, we stay the briefing time of this case until the record is filed with this court and the clerk has established a briefing schedule.

Motion to stay briefing schedule granted and counsel appointed.