Paul EMERY *v.* STATE of Arkansas

CR 97-993                                              15 S.W.3d 672

Supreme Court of Arkansas
Opinion delivered April 27, 2000

*Val P. Price*, Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

PER CURIAM. Val P. Price, attorney for Paul Emery, petitions for reconsideration of this court's order issued on February 16, 2000, which denied his motion for attorney's fees. We conclude that Mr. Price's petition has merit and, therefore, grant his motion for attorney's fees.

Appellant Paul Emery was convicted in the Jackson County Circuit Court of one count of rape and one count of sexual abuse. He was sentenced to prison terms of forty years and ten years, respectively. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Mr. Emery's appointed counsel, Val P. Price, filed a motion to be relieved and a brief stating there was no merit to the appeal. Mr. Emery also filed a *pro se* brief. This court affirmed the convictions and sentences in *Emery v. State*, CR 97-993, slip op. (Ark. Nov. 4, 1999).

Mr. Price, a state–salaried public defender, filed a motion for attorney's fees pursuant to Ark. Sup. Ct. R. 6-6(c) for work done on Mr. Emery's criminal appeal. We denied the motion for attorney's fees, citing *Rushing v. State*, 340 Ark. 84, 8 S.W.2d 489 (2000), where we held that Ark. Code Ann. § 16-87-214 precludes state–salaried public defenders from receiving additional compensation from the State for their services. *See also,* Ark. Code Ann. §§ 19-4-1601 — 1615. On February 22, 2000, Mr. Price filed a motion for reconsideration of the denial of his motion for attorney's fees, asserting that he became a state–salaried public defender on January 1, 1998. He further states that all of the work for which he seeks compensation occurred prior to that date while he was a part–time public defender paid by Jackson County. Mr. Price does not seek compensation for any work which he performed as a state–salaried public defender.

█ In view of these representations by Mr. Price, we conclude that he did not become a state–salaried public defender subject to the limitations of Ark. Code Ann. § 16-87-214 until January 1, 1998. We therefore hold that he is entitled to attorney's fees under Ark. Sup. Ct. R. 6-6(c) for any work on Mr. Emery's appeal that was performed prior to Mr. Price's employment as a state–salaried public defender.

Motion Granted.