James BOSTON, Ricky Lee Martin, Bridgett
Potts, Jacob Oliver, Allen Dwayne Buchannan,
Dwight T. McClendon *v.* STATE of Arkansas

CR 99-605, CR 99-582,
CR 99-817, CR 99-950,
CR 00-174, CR 00-191                    16 S.W.3d 239

Supreme Court of Arkansas
Opinion delivered May 18, 2000

*Maxie G. Kizer,* for appellant James Boston.

*Bart Ziegenhorn,* for appellants Ricky Lee Martin and Bridgett Potts.

*Saxton & Ayres,* by: *S. Butler Bernard, Jr.,* for appellants Jacob Oliver, Allen Dwayne Buchannan, and Dwight T. McClendon.

PER CURIAM. On March 22, 2000, the Arkansas Court of Appeals denied motions for attorneys' fees in the captioned cases. Between April 3, 2000, and April 7, 2000, motions for reconsideration were filed in the Court of Appeals by several state-salaried public defenders. On May 2, 2000, the Court of Appeals certified the motions for reconsideration to this court pursuant to Ark. Sup. Ct. R. 1-2(b)(4)-(5) and (d)(2). We accepted certification, and, for the reasons stated below, we must deny the motions for reconsideration.

In *Rushing v. State,* 340 Ark. 84, 8 S.W.3d 489 (2000), we held that the public defender statutes and the Regular Salary Procedures and Restrictions Act prohibit this court from compensating state-salaried public defenders for work done on appeal. Counsel in the above-styled actions, all of whom are state-salaried public defenders, urge this court to reconsider its application of *Rushing* to their circumstances and grant compensation for appellate work in the above cases. Counsel, in their separate motions, urge three primary reasons for distinguishing *Rushing.* First, counsel argue that *Rushing* should not apply to the work for which they seek compensation because they are all part-time, trial public defenders. Second, they argue that *Rushing* should only be applied prospectively to cases which were not pending when it was handed down. Finally, counsel argue that the funds awarded by this court would not be used to compensate public defenders as in *Rushing,* but rather would be used to pay "ghost writers" or to compensate counsel for time and resources taken from their private practice. Although we regret that counsel may be caused some hardship by this court's rulings, we cannot, consistently with the governing statutes, grant their motions for reconsideration.

As counsel asserts, we denied compensation for appellate work in *Rushing v. State* to a full-time, state-salaried public defender. Therefore, counsel argue that *Rushing* does not apply to part-time public defenders. We disagree. Certainly, public-defender positions may be either full-time or part-time. Ark. Code Ann. § 16-87-304(c) (Supp. 1999). However, we did not distinguish between part-time and full-time public defenders in *Rushing v. State, supra.* Nor did we limit our holding to only full-time public defenders. Rather, we held that state-salaried public defenders were not eligible for additional compensation by this court for work done on appeal. *Rushing v. State, supra.* It is true that a part-time public defender is authorized to engage in the general practice of law. Ark. Code Ann. § 16-87-304(c) (Supp. 1999). However, the General Assembly did not distinguish between full-time and part-time public defenders when it made the salaries of public defenders subject to the state pay plan. Ark. Code Ann. § 16-87-305 (Supp. 1999). For that reason, both full-time and part-time public defenders are subject to the restrictions of the Regular Salary Procedures and Restrictions Act, codified at Ark. Code Ann. § 19-4-1601 *et seq.* It is this restriction which causes us to deny counsels' motions for attorneys' fees:

> No employee authorized by the General Assembly shall receive from appropriated or cash funds, either from state, federal, or other sources, compensation in an amount greater than that established by the General Assembly as the maximum annual salary for the employee unless specific provisions are made therefore by law.

Ark. Code Ann. § 19-4-1601(b)(3)(C) (Repl. 1998). The statute further states that:

> no person drawing a salary or other compensation from one (1) state agency shall be paid salary or compensation, other than actual expenses, from any other agency except upon written certification to and approval by the Chief Fiscal Officer of the State and by the head of each agency, stating that: (1) the work performed for the other agency does not interfere with the proper and required performance of the person's duties; and (2) combined salary payments from the agencies do not exceed the larger maximum annual salary of the line-item position authorized for either agency from which the employee is being paid.

Ark. Code Ann. § 19-4-1604 (Repl. 1998).

■ Specific provision has been made by law allowing part-time public defenders to engage in the general practice of law, and

therefore receive compensation in addition to their state salaries for such work. Ark. Code Ann. § 16-87-304(c) (Supp. 1999). However, there is no specific provision allowing public defenders, whether part-time or full-time, to receive additional compensation from this court or any other state agency for work done in the performance of their duties as public defenders.[1] Counsels' argument that because they are authorized to receive additional compensation for work as private counsel they may also receive compensation from this court is without merit. Without specific authorization to the contrary, we cannot compensate state-salaried public defenders, either full-time or part-time, for work done in that capacity on appeal. *See Rushing v. State, supra.*

■ Counsel next argue that *Rushing* should be applied only prospectively, allowing compensation for appellate work performed by public defenders prior to that decision. They argue that we created a new rule in *Rushing* that cannot be applied retroactively to prevent compensation for work done in the above cases. Counsels' argument is in error. It is true that prior to our decision in *Rushing*, we compensated public defenders for work done on appeal just as we compensated private counsel appointed to represent indigent criminal appellants under Ark. Sup. Ct. R. 6-6. Following *Rushing*, we no longer do so. However, we did not create a new rule in *Rushing.* The change in this court's practice is the result of statute. The Regular Salary Procedures and Restrictions Act was in full force and effect at the time the appeals at issue were filed with this court. We are not applying it retroactively. Although counsel point this court to instances where we have applied new rules or changes in the rules only prospectively in order to prevent the working of a hardship following our decisions, those cases involved the application of common-law principles or rules promulgated by this court. *See, e.g., Shannon v. Wilson*, 329 Ark. 143, 947 S.W.2d 349 (1997); *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996); *Wiles v. Webb*, 329 Ark. 108, 946 S.W.2d 685 (1997). In this instance, we are faced with a duly enacted statute that prohibits the action sought by counsel. We cannot ignore the statute governing this matter. We must apply its provisions where applicable even if those cases arose prior to our decision in *Rushing.* The Regular Salary Procedures and Restrictions Act, in conjunction with the public defender

---

[1] We do not attempt to interpret Ark. Code Ann. § 19-4-1604 (Repl. 1998) at this time except to note that there is no evidence that the requirements for receiving compensation from two state agencies have been met in the cases at issue.

statutes, is the law in this matter that prevents the compensation sought by counsel. It is being applied prospectively.

■ Finally, counsel argue that their motions for attorneys' fees should be granted in these matters because the public defenders will not actually receive the compensation. They assert that individuals, variously described as "law clerks," "briefing assistants," or "ghost writers," actually performed the appellate work at issue and will be given all of the compensation awarded by this court. The difficulty with this argument is that the court is not asked to compensate these "ghost writers." Rather, we are asked to compensate the public defenders. What they do with that compensation once they receive it is not relevant under the statutes as we interpret them. The statute reads "No employee . . . shall receive . . . compensation . . . ." Ark. Code Ann. § 19-4-1601(b)(3)(C). Arkansas Code Annotated section 19-4-1604 (Repl. 1998) prohibits this court, as an agency of the state, from paying compensation to the public defenders in the absence of the conditions therein specified.

■ Nor is it persuasive that counsel at times diverted resources and time from their private practices in order to work on these appeals. The counsel before this court are not here as private counsel. They were appointed to represent indigent criminal defendants in their capacities as public defenders. The fact that these part-time public defenders also engage in private practice does not change the fact that they were acting in their capacities as state-salaried public defenders in the cases at issue. Consequently, they are governed by the public defender statutes and the Regular Salary Procedures and Restrictions Act. Ark. Code Ann. § 16-87-201 *et seq.* and § 19-4-1601 *et seq.*

The motions for reconsideration of motions for attorneys' fees are denied.