Buckie MILLS *v.* STATE of Arkansas

CR 02-67                                      66 S.W.3d 643

Supreme Court of Arkansas
Opinion delivered February 14, 2002

*Ben Beland*, Public Defender, for appellant.

No response.

PER CURIAM. Ben Beland, a state-salaried, full-time public defender for the Twelfth Judicial District, was appointed by the trial court to represent Appellant Buckie Mills, an indigent defendant, in his rape and kidnaping case. Following a trial, Mills was sentenced to life in prison without parole. A timely notice of appeal and request for the transcribed record have been filed.

Mr. Beland now asks to be relieved as counsel for Mr. Mills in this criminal appeal as a result of this court's decision in *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000). In *Rushing*, this court determined that state-salaried, full-time public defenders were ineligible for compensation by the court for work performed in the appeal of a matter in which the public defender represented the defendant. In *Tester v. State*, 341 Ark. 281, 16 S.W.3d 227 (2000), we relieved appellant's court-appointed public defender and appointed new counsel on appeal under similar circumstances. *See also, Craft v. State*, 342 Ark. 57, 26 S.W.3d 584 (2000); *McFerrin v. State*, 342 Ark. 61, 26 S.W.3d 429 (2000); *Bolton v. State*, 342 Ark. 55, 26 S.W.3d 783 (2000).

■ Since the time of these decisions, however, the law has changed. In the most recent legislative session, the Arkansas General Assembly amended Ark. Code Ann. § 19-4-1604 through Act 1370 of 2001, which now provides that "[p]ersons employed as full-time public defenders who are not provided a state funded secretary may also seek compensation for appellate work from the Arkansas Supreme Court or the Arkansas Court of Appeals." Mr. Beland's motion to be relieved as counsel on appeal is denied because the motion does not contain information regarding whether he is provided a state-funded secretary. Mr. Beland may resubmit his motion, providing information about whether he is provided a state-funded secretary, in order for us to determine whether he qualifies for dismissal in light of the amendment to Ark. Code Ann. § 19-4-1604.