Rickey NEWMAN *v.* STATE of Arkansas

CR 02-811                                              84 S.W.3d 43

Supreme Court of Arkansas
Opinion delivered September 12, 2002

*Robert C. Marquette*, for appellant.

No response.

P ER CURIAM. Robert C. Marquette, a state-salaried, full-time public defender for the Twenty-First Judicial District, was appointed by the trial court to represent Appellant Rickey Newman, an indigent defendant, on the charge of capital murder. Following a trial, Newman was convicted of the charge and sentenced to death. A timely notice of appeal was filed by the circuit clerk, pursuant to Ark. R. App. P.—Crim. 10, and the record was timely lodged in this court.

Mr. Marquette now asks to be relieved as counsel for Appellant in this criminal appeal, based on the case of *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000). There, this court determined that state-salaried, full-time public defenders were ineligible for compensation by the court for work performed in the appeal of a matter in which the public defender represented the defendant. Mr. Marquette also relies on the case of *Tester v. State*, 341 Ark. 281, 16 S.W.3d 227 (2000) (*per curiam*), wherein this court relieved the appellant's court-appointed public defender and appointed new counsel on appeal under similar circumstances.

Since the time of those decisions, however, the law was changed by the General Assembly. Particularly, Act 1370 of 2001 provided in part: *"Persons employed as full-time public defenders who are not provided a state funded secretary, may also seek compensation for appellate work from the Arkansas Supreme Court or the Arkansas Court of Appeals."* That provision is now codified as Ark. Code Ann. § 19-4-1604(b)(2)(B) (Supp. 2001).

Mr. Marquette's motion does not state whether he is provided a state-funded secretary. Accordingly, we must deny his motion at this time. *See Mills v. State*, 347 Ark. 695, 66 S.W.3d 643 (2002) (*per curiam*). Mr. Marquette may resubmit his motion, providing information about whether he is provided a state-funded secretary, in order for us to determine whether he qualifies for dismissal in light of section 19-4-1604(b)(2)(B).

Motion denied.