Rickey NEWMAN *v.* STATE of Arkansas

CR 02-811                                    85 S.W.3d 883

Supreme Court of Arkansas
Opinion delivered October 3, 2002

*Robert C. Marquette*, for appellant.

No response.

PER CURIAM. Robert C. Marquette, a state-salaried, full-time public defender for the Twenty-First Judicial District, was appointed by the trial court to represent Appellant Rickey Newman, an indigent defendant, on the charge of capital murder. Following a trial, Newman was convicted of the charge and sentenced to death. A timely notice of appeal was filed by the circuit clerk, pursuant to Ark. R. App. P.—Crim. 10, and the record was timely lodged in this court.

On August 9, 2002, Mr. Marquette filed a motion to be relieved as attorney for Newman on appeal, pursuant to this court's holdings in *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000), and *Tester v. State*, 341 Ark. 281, 16 S.W.3d 227 (2000) (*per curiam*). We denied the motion because Mr. Marquette failed to indicate whether he is provided a state-funded secretary. He has since filed a new motion stating that he does have a full-time, state-funded secretary, which would prevent him from receiving compensation for appellate work. *See* Ark. Code Ann. § 19-4-

1604(b)(2)(B) (Supp. 2001). Accordingly, we now grant Mr. Marquette's motion to be relieved for good cause shown. *See Jones v. State*, 349 Ark. 734, 82 S.W.3d 827 (2002) (*per curiam*); *Williams v. State*, 347 Ark. 369, 65 S.W.3d 401 (2002) (*per curiam*).

We hereby appoint Linda Scribner to replace Mr. Marquette in this appeal. Appointed counsel does not serve as a representative of Newman, but rather, will assist this court in its mandatory review, pursuant to Rule 10. *See State v. Robbins*, 340 Ark. 255, 9 S.W.3d 500 (2000) (*per curiam*). Specifically, appointed counsel shall abstract the record and assist this court in determining: (1) whether, pursuant to Ark. Sup. Ct. R. 4-3(h) and Ark. Code Ann. § 16-91-113(a) (1987), any errors raised in the trial court are prejudicial to the defendant; (2) whether the trial court failed in its obligation to bring to the jury's attention a matter essential to its consideration of the death penalty; (3) whether the trial judge committed prejudicial error about which the defense had no knowledge and therefore no opportunity to object; (4) whether the trial court failed in its obligation to intervene without objection to correct a serious error by admonition or declaring a mistrial; (5) whether the trial court erred in failing to take notice of an evidentiary error that affected a substantial right of the defendant; (6) whether the evidence supports the jury's finding of a statutory aggravating circumstance or circumstances; and (7) whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. *See* Rule 10.

Motion granted.