Carl JOHNSON *v.* STATE of Arkansas

CR 03-170                                          100 S.W.3d 739

Supreme Court of Arkansas
Opinion delivered March 13, 2003

*John Joplin*, for appellant.

No response.

P ER CURIAM. John Joplin, a full-time, state-salaried pub-
lic defender in Sebastian County, was appointed by the
trial court to represent appellant, Carl Johnson, an indigent defen-
dant, on the charge of murder in the first degree. Following a trial
held on November 15, 2002, appellant was found guilty and sen-
tenced to serve forty years in the Arkansas Department of Correc-
tion and to pay a fine of $15,000. A timely notice of appeal was
filed with the circuit clerk, pursuant to Ark. R. App. P.—Crim.
10, and the record was timely lodged in this court.

Mr. Joplin now asks to be relieved as counsel for appellant in
this criminal appeal, based upon the cases of *Rushing v. State*, 340
Ark. 84, 8 S.W.484 (2000) (holding that full-time, state-salaried
public defenders were ineligible for compensation for their work
on appeal) and *Tester v. State*, 341 Ark. 281, 16 S.W.3d 227 (2000)
(*per curiam*) (relieving appellant's court-appointed public defender
and appointing new counsel on appeal).

Since the time of those decisions, the law was changed by the
General Assembly. Act 1370 of 2001 provides in part: "[P]ersons
employed as full-time public defenders, who are not provided a
state-funded secretary, may also seek compensation for appellate
work from the Arkansas Supreme Court or the Arkansas Court of
Appeals." That provision is now codified as Ark. Code Ann.
§ 19-4-1604(b)(2)(B) (Supp. 2001).

■ Mr. Joplin's motion states that he is provided with a
full-time, state-funded secretary. Accordingly, we grant his
motion to withdraw as attorney. Mr. Tim Cullen will be substi-
tuted as attorney for appellant in this matter. The Clerk will
establish a new briefing schedule.