## Raymond WALTERS *v.* STATE of Arkansas

CR 03-1041                                            125 S.W.3d 818

Supreme Court of Arkansas
Opinion delivered October 9, 2003

*Mark S. Frasier*, Public Defender, for appellant.

No reponse.

PER CURIAM. Mark S. Fraiser, a state-salaried, full-time public defender for the Eighteenth Judicial District East, was appointed by the trial court to represent Appellant, Raymond Walters, an indigent defendant, on the charge of rape, a Class Y Felony. Following a trial, Walters was convicted of the charge and sentenced to life. A notice of appeal was timely filed and the record has been timely lodged in this court.

Mr. Fraiser now asks to be relieved as counsel for Appellant in this criminal appeal, based on the case of *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000). There, this court determined that state-salaried, full-time public defenders were ineligible for compensation by the court for work performed in the appeal of a matter in which the public defender represented the defendant. Mr. Fraiser also relies on the case of *Tester v. State*, 341 Ark. 281, 16 S.W.3d 227 (2000) (per curiam), wherein this court relieved the appellant's court-appointed public defender and appointed new counsel on appeal under similar circumstances.

Since the time of those decisions, however, the law was changed by the General Assembly. Particularly, Act 1370 of 2001 provided in part: "Persons employed as full-time public defenders who are not provided a state-funded secretary, may also seek compensation for appellate work from the Arkansas Supreme Court or the Arkansas Court of Appeals." That provision is now codified as Ark. Code Ann. § 19-4-1604(b)(2)(B) (Supp. 2001).

■ Mr. Frasier's motion does not state whether he is provided a state-funded secretary. Accordingly, we must deny his motion at this time. See *Mills v. State*, 347 Ark. 695, 66 S.W.3d 643 (2002) (per curiam). Mr. Frasier may resubmit his motion, providing information about whether he is provided a state-funded secretary, in order for us to determine whether he qualifies for dismissal in light of section 19-4-1604(b)(2)(B).

Motion denied.