Robert A. ROBBINS *v.* STATE of Arkansas

CR 98-1394                                    149 S.W.3d 871

Supreme Court of Arkansas
Opinion delivered February 26, 2004

[Rehearing denied April 8, 2004.]

*Craig Lambert,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Jeffrey A. Weber,* Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant Robert Robbins was convicted of capital murder and sentenced to death in 1998 for the murder of his ex-girlfriend, Bethany White. At trial, Robbins represented himself, with the assistance of court-appointed standby counsel, and he sought the death penalty for himself. Initially, Robbins was convicted and sentenced to death; he waived his right to appeal, and we held his waiver was proper. *See State v. Robbins,* 335 Ark. 380, 985 S.W.2d 293 (1998) *(per curiam) (Robbins I).* In *State v. Robbins,* 336 Ark. 377, 985 S.W.2d 296 (1999) *(per curiam) (Robbins II),* we clarified that Robbins had also waived his right to seek post-conviction relief under Ark. R. Crim. P. 37.5. Following a request by Robbins's mother to re-examine the case, this court subsequently recalled the mandate, stayed Robbins's execution, and ordered briefing in order to determine whether *Franz v. State,* 296 Ark. 181, 754 S.W.2d 839 (1988), should be overruled and whether the court should impose a mandatory review for trial error in all death penalty cases, regardless of whether the defendant desires such a review. *State v. Robbins,* 337 Ark. 227, 987 S.W.2d 709 (1999) *(per curiam) (Robbins III).*

Upon rebriefing, this court overruled the *Franz* case in part, and held that this court has an affirmative duty to automatically review the record in all death-penalty cases for egregious and prejudicial errors. *State v. Robbins,* 339 Ark. 379, 5 S.W.3d 51

(1999) (*Robbins IV*). We remanded the case for preparation of the record, and appointed counsel to assist in our review. *Id.*[1] Robbins's appointed counsel filed a brief in compliance with this court's direction, and in *State v. Robbins*, 342 Ark. 262, 27 S.W.3d 419 (2000) (*Robbins V*), we held that no prejudicial or plain error had occurred, and all fundamental safeguards had been followed. We affirmed Robbins's conviction and sentence of death.

Robbins subsequently pursued federal *habeas corpus* relief. In his *habeas* proceedings, Robbins argued that he was entitled to relief because the jury rendered inconsistent findings regarding mitigating circumstances; the State responded that the claim was procedurally barred from habeas review because the issue was never raised in Robbins's state court proceedings. The federal court ruled that Robbins's claim that the jury returned inconsistent findings on its penalty-phase verdict had not yet been exhausted in state court. Because Robbins had not exhausted his state remedies, the federal court dismissed his petition for writ of habeas corpus.

Following the federal court's dismissal of his petition, Robbins filed a motion to re-open his case in this court. In that motion, he argued that the case involved a violation of his rights under the Eighth and Fourteenth Amendments based on the jury's inconsistent and irreconcilable findings regarding mitigating circumstances. Specifically, he claimed, on Form 2A of the verdict forms, the jury unanimously found that one mitigating circumstance existed; however, on Form 2C, the jury also unanimously found that this same mitigator did not exist. In his motion, Robbins suggested that, despite this court's stated intent to review the entire record of his trial and sentencing proceedings for prejudicial error, such a review had not occurred because neither the court nor his appointed counsel noticed this alleged error. We granted the motion to reopen the case and issued a writ of certiorari, ordering that the record be supplemented with the original verdict forms. *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003) (*Robbins VI*). The original verdict forms and the briefs of the parties are now

---

[1] In an intervening *per curiam*, we relieved Jeff Rosenzweig as counsel and appointed Lea Ellen Fowler to perform the duties outlined in *Robbins IV*, directing her to abstract the record and assist the court in its determination as to 1) whether any errors raised in the trial court were prejudicial to Robbins, in accordance with Ark. Code Ann. § 16-91-113(a) (1987); 2) whether any plain errors covered by the exceptions outlined in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), had occurred; and 3) whether other fundamental safeguards were followed. *State v. Robbins*, 340 Ark. 255, 9 S.W.3d 500 (2000).

before us, and we are now able, to determine whether error occurred with respect to Robbin's sentencing.

Following the sentencing phase of Robbins's capital-murder trial, the jury completed the sentencing verdict forms that caused Robbins to be sentenced to death. The jury first completed Form 1, pertaining to aggravating circumstances, by checking off as an aggravator the fact that the "capital murder was committed in an especially cruel or depraved manner."[2] With respect to mitigating circumstances, the jury also filled in Form 2. The original verdict forms clearly indicate that the jury checked Form 2A, whereby the jurors "unanimously find that the following mitigating circumstance(s) probably existed: (√) Robert A. Robbins has no significant history of prior criminal activity (at the time of the murder)." Form 2B was left blank. Form 2C then provides as follows:

> There was some evidence presented to support the following circumstance(s). However, having considered this evidence, the jury unanimously agreed that it was insufficient to establish that the mitigating circumstance(s) probably existed.
>
> (   ) Robert A. Robbins has no significant history of prior criminal activity (at the time of the murder).

The space between the parentheses appears as though the jury either used "white-out" or an eraser to obliterate the check mark that was once there. This Form 2 instruction is appended to this opinion.

After Form 2, the jury then completed Form 3, which contains the following conclusions of the jury:

> (a)(√)  The State has proved beyond a reasonable doubt one or more aggravating circumstances.
>
> (If you do not unanimously agree to check paragraph (a), then skip (b) and (c) and sentence Robert A. Robbins to life imprisonment without parole on Form 4.)
>
> (b)(√)  The aggravating circumstances outweigh beyond a reasonable doubt any mitigating circumstances found by any juror to exist.
>
> (If you do not unanimously agree to check paragraph (b), then skip (c) and sentence Robert A. Robbins to life imprisonment without parole on Form 4.)

---

[2]  The facts of the case clearly supported the jury's finding of this aggravator. For a discussion of those facts, *see Robbins V*, 342 Ark. at 265-67.

(c)(✓) The aggravating circumstances justify beyond a reasonable doubt a sentence of death.

(If you do not unanimously agree to check paragraph (c), then sentence Robert A. Robbins to life imprisonment without parole on Form 4.)

The jury clearly checked each of the above three boxes.

For relief, Robbins relies heavily on *Willet v. State*, 322 Ark. 613, 911 S.W.2d 937 (1995). In *Willett*, the jurors unanimously found and checked three mitigating circumstances probably existed at the time of the murder. However, on Form 2C, the jurors found and checked the same three circumstances, but then unanimously agreed that they were not mitigating circumstances. In response to the State's argument that such error was harmless, "because the jurors appeared in open court and orally confirmed their death-sentence verdicts," this court first agreed with Willett that subsections A and C of Form 2 are mutually exclusive. *Willett*, 322 Ark. at 628. The court then held as follows:

We are somewhat inclined to conclude that the jury's error in completing Form 2 was harmless for three reasons. First, in "Form 3 — Conclusions," the verdict form pertaining to the weighing of aggravating and mitigating circumstances, the jurors concluded that the aggravating circumstance outweighed beyond a reasonable doubt any mitigating circumstance found by any juror to exist. Second, also in Form 3, the jury concluded the aggravating circumstance justified beyond a reasonable doubt the death sentence. Third, as the state contends, the jurors confirmed in open court that the two verdicts of death by lethal injection were indeed their verdicts. Therefore, even if we assume the jury concluded in Form 2 that the three mitigating circumstances probably existed, we could conclude, on the basis of Form 3, that they did not outweigh the aggravating circumstance. However, we are not aware of any authority that permits the application of a harmless error analysis to mitigating circumstances. *See Skipper v. South Carolina*, 476 U.S. 1 (1986) (indicating that errors relating to mitigating circumstances are prejudicial under any standard). Moreover, this court can perform the harmless error analysis in Ark. Code Ann. § 5-4-603(d) (Repl. 1993)[3] only if the jury found no mitigating circumstances. *Greene*, 317 Ark. 350, 878 S.W.2d 384. *On this record, it is impossible to discern whether the jury found any mitigating circumstances. Therefore, we reverse the . . . sentence [of] death and remand for resentencing.*

---

[3] Section 5-4-603(d) is now found in the 1997 Replacement volume.

*Id.* at 628 (emphasis added).

This court, in *Jones v. State*, 329 Ark. 62, 947 S.W.2d 339 (1997), subsequently retreated from *Willett*'s interpretation of *Skipper.* This court in *Jones* clarified its holding in *Willett*, stating that the parenthetical explanation of *Skipper* "went beyond the actual holding of the case." In *Jones*, the jury also submitted conflicting verdict forms, but there the confusion was between Form 2B and Form 2C. On Form 2B, the jury had indicated that one or more of the jurors believed that five mitigating circumstances probably existed, but they did not unanimously agree that those mitigating circumstances probably existed. On Form 2C, the jury checked off three of the same factors, indicating that there was some evidence presented to support the mitigating circumstances offered, but the jury unanimously agreed that the evidence was insufficient to establish that the mitigating circumstances probably existed. The *Jones* court held that, unlike *Willett*, it was not impossible to determine whether the jury found any mitigating circumstances; the jurors had found three, as indicated on Form 2A, and these did not conflict in any way with the confusing circumstances checked off on Forms 2B and 2C. *Jones*, 329 Ark. at 69-70.

The *Jones* court further took the opportunity to "clarify our previous interpretations of Ark. Code Ann. § 5-4-603(d) [(Repl. 1997)]," which provides as follows:

> (d) On appellate review of a death sentence, *if the Arkansas Supreme Court finds that the jury erred in finding the existence of any aggravating circumstance or circumstances for any reason and if the jury found no mitigating circumstances,* the Arkansas Supreme Court shall conduct a harmless error review of the defendant's death sentence. The Arkansas Supreme Court shall conduct this harmless error review by:
>
> (1) Determining that the remaining aggravating circumstance or circumstances exist beyond a reasonable doubt; and
>
> (2) Determining that the remaining aggravating circumstance or circumstances justify a sentence of death beyond a reasonable doubt.

(Emphasis added.) In readdressing § 5-4-603(d), the *Jones* court wrote the following:

> We have previously interpreted this provision to allow us to conduct a harmless-error analysis only if the jury found no mitigat-

ing circumstances. *Greene v. State*, 317 Ark. 350, 878 S.W.2d 384 (1994); *Kemp v. State*, [324 Ark. 178, 919 S.W.2d 943 (1996)]. *However, a plain reading of this provision reveals that it applies when the jury makes an error in finding that an aggravating circumstance exists. There was no such error in this case. The statute simply prescribes a set of parameters where this court must engage in a harmless-error analysis. It does not preclude us from conducting harmless-error analysis in other situations.*

*Jones*, 329 Ark. at 71 (emphasis added).

■ With respect to *Willett*'s citation to *Skipper*, the *Jones* court also explained that, "[w]hile we agree that the rule in *Skipper* provides that the exclusion of relevant mitigating evidence from the jury's consideration can never be harmless, we do not read *Skipper* to preclude the application of a harmless-error analysis to errors relating to the jury's consideration of that evidence." *Jones*, 329 Ark. at 70.

■ We further note our opinion in *Wainwright v. State*, 302 Ark. 371, 790 S.W.2d 420 (1990), which the *Jones* court found to be controlling. In *Wainwright*, this court was presented with a situation in which the jury, on one verdict form, had unanimously found a mitigating factor existed in the fact that Wainwright did not resist when arrested; on another form, it found that this same mitigating factor did not exist. In resolving the question, this court wrote the following:

> Although the jury may have been inconsistent on this factor, it was clear in unanimously finding that three aggravating circumstances existed at the time appellant committed the murder. On the other hand, even giving the appellant the benefit of the mitigating circumstance discussed above, the jury only determined that two mitigating circumstances existed. Upon individual polling, each juror stated that he or she had voted for the death penalty. Obviously, the jury found the aggravating circumstances outweighed those mitigating factors, and the trial court was correct in so holding.

*Wainwright*, 302 Ark. at 387. The Eighth Circuit Court of Appeals ultimately affirmed this decision, holding that the jury's inconsistent findings were not arbitrary or capricious, and therefore did not rise to an Eighth or Fourteenth Amendment violation, where the jury specifically found that three aggravators outweighed beyond a reasonable doubt all mitigating circumstances. *See Wainwright v. Lockhart*, 80 F.3d 1226 (8th Cir.), *cert. denied*, 519 U.S. 968 (1996).

■ We conclude that both *Jones* and *Wainwright* are controlling here. Although there was apparently an unexplained partial "white-out" in one verdict form, even if we resolve the "white-out" in Robbins's favor and conclude that the jury found one mitigating factor to exist, the jury nevertheless unanimously concluded that one aggravating circumstance existed, that the aggravating circumstance outweighed beyond a reasonable doubt the mitigating factor found to have existed, and that the aggravating circumstance justified beyond a reasonable doubt a sentence of death. To impose the death penalty, this court has held that a jury need only unanimously agree that one aggravating circumstance exists. *Reams v. State*, 322 Ark. 336, 909 S.W.2d 324 (1995); *Dansby v. State*, 319 Ark. 506, 893 S.W.2d 331 (1995); *see also Fudge v. State*, 341 Ark. 759, 20 S.W.3d 315 (2000) (affirming death sentence where jury found one aggravating factor and one mitigating circumstance, and concluded that the aggravator justified beyond a reasonable doubt a sentence of death). Whether the jurors found the mitigating circumstance to exist or not, they nevertheless unanimously concluded that a death sentence was appropriate.

■ We also hasten to point out that, following the reading of the verdict, the trial court polled the jurors, reading the verdict form aloud as follows:

COURT: And form two on mitigating circumstance or circumstances, [the] findings are:

We unanimously find that the following mitigating circumstance or circumstances probably existed: That Robert A. Robbins has no significant history of prior criminal activity at the time of the murder, again signed by the foreman.

Are each of these findings in form one and two unanimous, that is all twelve of you agree?

JURORS: (Nodding heads up and down.)

After reading the verdict, the court again asked the jurors if "each of you individually, of your own free will, execute and sign — place your signature on form four?" The jurors said "Yes." If there was any doubt as to what the jurors intended to mark on Form 2, that doubt was resolved by the jury's answers to the trial court. Because the jurors agreed that they had unanimously found one mitigating circumstance to exist, but that the aggravating circumstance outweighed the miti-

gator beyond a reasonable doubt, we must conclude that any pur-ported inconsistencies by the jury in the completing of Form 2 amounted to harmless error, and we affirm Robbins's death sentence.

THORNTON, J., dissents.

FORM 2
MITIGATING CIRCUMSTANCES

A. We unanimously find that the following mitigating circumstance(s) probably existed:

(If any circumstances are checked in this section, you should not complete section D. Any factor or factors checked in this section should not be checked again in any other section.)

(Check applicable circumstances and specify any additional ones.)

[( ) The capital murder was committed while Robert A. Robbins was under extreme mental or emotional disturbance ]

[( ) The capital murder was committed while Robert A. Robbins was acting under unusual pressures or influences or under the domination of another person.]

[( ) The capital murder was committed while the capacity of Robert A. Robbins to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or defect, intoxication, or drug abuse.]

[( ) The youth of Robert A. Robbins at the time of the commission of the capital murder.]

[( ✓ ) Robert A. Robbins has no significant history of prior criminal activity (at the time of the murder).]

[ ) Other: Specify in writing

_____

_____

_____

B. One or more of the members of the jury believed that the following mitigating circumstance(s) probably existed, but the jury did not unanimously agree that such mitigating circumstance(s) probably existed.

(If any circumstances are checked in this section, you should not complete section D. Any factor or factors checked in this section should not be checked again in any other section.) ·

[( ) The capital murder was committed while Robert A. Robbins was under extreme mental or emotional disturbance.]

[( ) The capital murder was committed while Robert A. Robbins was acting under unusual pressures or influences or under the domination of another person.]

[( ) The capital murder was committed while the capacity of Robert A. Robbins to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or defect, intoxication, or drug abuse.]

[( ) The youth of Robert A. Robbins at the time of the commission of the capital murder.]

A7

[( ) Robert A. Robbins has no significant history of prior criminal activity (at the time of the murder).]

[ ( ) Other: Specify in writing

_____
_____
_____
_____ ]

C. There was some evidence presented to support the following circumstance(s). However, having considered this evidence, the jury unanimously agreed that it was insufficient to establish that the mitigating circumstance(s) probably existed.

(If any of the circumstances are checked in this section, you should not complete section D. Any factor or factors checked in this section should not be checked again in any other section.)

[( ) The capital murder was committed while Robert A. Robbins was under extreme mental or emotional disturbance.]

[( ) The capital murder was committed while Robert A. Robbins was acting under unusual pressures or influences or under the domination of another person.]

[( ) The capital murder was committed while the capacity of Robert A. Robbins to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or defect, intoxication, or drug abuse.]

[( ) The youth of Robert A. Robbins at the time of the commission of the capital murder.]

[( ✓ Robert A. Robbins has no significant history of prior criminal activity (at the time of the murder).]

[ ( ) Other: Specify in writing

_____
_____
_____
_____ ]

D. ( ) No evidence of a mitigating circumstance was presented by either party during any portion of the trial. (Check only if no evidence of a mitigating circumstance was presented.)

_Michael R. Martin_
FOREMAN

000099

A8

R AY THORNTON, Justice, dissenting. Because I find that it is impossible to determine whether the jury complied with Ark. Code Ann. § 5-4-603 (Repl. 1997) in its imposition of the

death penalty, and because I do not believe that the jury's in-court statements were sufficient to cure the inconsistencies in the verdict forms, I respectfully dissent.

Arkansas Code Annotated § 5-4-603 provides:

(a) The jury shall impose a sentence of death if it unanimously returns written findings that:

(1) Aggravating circumstances exist beyond a reasonable doubt; and

(2) Aggravating circumstances outweigh beyond a reasonable doubt all mitigating circumstances found to exist; and

(3) Aggravating circumstances justify a sentence of death beyond a reasonable doubt.

*Id.*

In the case now before us, inconsistencies appear on the verdict forms used during the sentencing phase of Robert Robbins's trial. These inconsistencies make it impossible to determine whether the jury performed the procedure articulated in Ark. Code Ann. § 5-4-603. Specifically, Verdict Form 1 shows that the jury found that the State proved beyond a reasonable doubt one aggravating circumstance. Verdict Form 2 A shows that the jury unanimously found that one mitigating circumstance existed. The instructions accompanying Form 2 A state that "any factor or factors checked in this section should not be checked again in any other section." However, disregarding the instructions on Form 2 A, the jury inconsistently completed Form 2 C by finding that there was insufficient evidence to support the mitigating circumstance found on Form 2 A. While it appears that an unknown person made an effort to resolve this inconsistency by applying white-out across part of the checkmark shown on Form 2 C, no effort was made to determine who applied the white-out or the reason for applying the white-out. This inconsistency renders the conclusions reached on Form 3 suspect. Verdict Form 3 mirrors the language articulated in Ark. Code Ann. § 5-4-603 and requires the jury to determine: (1) that an aggravating circumstance has been established beyond a reasonable doubt; (2) that the aggravat-

ing circumstance outweighs beyond a reasonable doubt any miti-
gating circumstances found; and (3) that the aggravating circum-
stance justifies beyond a reasonable doubt a sentence of death.
Because we do not know whether the jury found any mitigating
circumstances, it is impossible to determine whether the jury
properly engaged in the weighing process required by Ark. Code
Ann. § 5-4-603. Without a record demonstrating that the jury
properly weighed the aggravating circumstance against the miti-
gating circumstances, I believe that we cannot affirm the imposi-
tion of Mr. Robbins's death sentence.

The majority suggests that the inconsistencies in the verdict
forms can be corrected by the jury's in-court affirmation of their
findings. This analysis is misplaced because the jury's findings as
stated in court were incomplete and inconsistent with the verdict
forms. After returning inconsistent verdict forms, the jury was
asked in open court to affirm that they unanimously found one
mitigating circumstance. The trial court did not ask the jury to
explain whether Form 2 C had been checked. Additionally, the
trial court did not ask the jury whether it had applied white-out to
Form 2 C. Instead, the trial court asked the jury to affirm that the
findings on Forms one and two were unanimous. By responding in
the affirmative, the jury was affirming its inconsistent findings in
Section 2 A and 2 C. Thus, the jury's in-court statements did not
cure the previously discussed flaws in the verdict forms, and I
cannot agree that these flaws should be treated as harmless errors.

Fundamentally, I am unwilling to join in the majority's view
that a jury's in-court answers to questions regarding verdict forms
can be used to modify the actual findings on the verdict forms. If
we allow such substitutions, verdict forms would be rendered
meaningless and the sanctity of the jury room would be jeopar-
dized.

In conclusion, I am forced to dissent from the majority
opinion because the record in this case does not allow me to
determine whether the jury met the statutorily-required weighing
process before imposing the death sentence upon Mr. Robbins.
Because of the obvious finality of the punishment imposed, I
would require that this case be remanded for a new sentencing
trial. *See State v. Robbins,* 339 Ark. 379, 5 S.W.3d 51 (1999); *Gregg*

v. Georgia, 428 U.S. 153, 96 S. Ct. 2909, 49 L. Ed.2d 859 (1976); *American Civil Liberties Union v. State,* 339 Ark. 314, 5 S.W.3d 418 (1999); *Franz v. State,* 296 Ark. 181, 754 S.W.2d 839 (1988) (all holding that death-penalty cases are different from other criminal cases, due to the finality of the punishment imposed).

I respectfully dissent.