James Lee JACKSON *v.* STATE of Arkansas

CR 04-854                                           195 S.W.3d 926

Supreme Court of Arkansas
Opinion delivered October 21, 2004

*William M. Howard*, for appellant's counsel.

No response.

PER CURIAM. ■ William M. Howard, Jr. appears by motion in this appeal seeking to have Joseph P. Mazzanti III, a public defender, relieved of the responsibility of representing appellant, and to be substituted as counsel on the appeal. We cannot determine from the motion whether appellant has been consulted regarding the change in counsel, that he desires to be represented by different counsel in general, and by Howard in particular, and the motion does not state the reasons for the attempted withdrawal as required by our rules of procedure and case law. We deny the motion without prejudice to it being refiled.

Rule 16 of the Arkansas Rules of Appellate Procedure—Criminal states that trial counsel, whether retained or court

appointed, shall continue to represent a convicted defendant throughout any appeal unless permitted by either the trial court or the appellate court to withdraw "in the interest of justice or for other sufficient cause." The rule goes on to state that, after the notice of appeal of a judgment of conviction has been filed, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint new counsel. Ark. R. App. P.—Criminal 16(a).

■ If Mazzanti is a full-time, state-salaried public defender and he is provided with a state-funded secretary, he is entitled to be relieved as counsel for appellant's appeal for good cause shown, in light of the fact that he would not be compensated by the Arkansas Public Defender Commission for work performed on the appeal, and he is ineligible for compensation by this court. *See Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000); Ark. Code Ann. § 19-4-1604(b)(2) (Supp. 2003). However, Rule 16 clearly states that there is no automatic right of withdrawal for trial counsel once a criminal defendant has been convicted. Instead, an attorney who wishes to withdraw from a case must obtain permission from the court to withdraw by means of a petition to withdraw containing a statement of reasons for withdrawing. If the interest of justice or other sufficient cause is demonstrated, the motion will be granted, and, at that time, Howard's motion to substitute will be considered.