## David Edward MOTES *v.* STATE of Arkansas

CR 07-29                                              247 S.W.3d 814

### Supreme Court of Arkansas
### Opinion delivered January 25, 2007

*Beverly C. Claunch*, for appellant.

No response.

PER CURIAM. Beverly C. Claunch, a full-time managing public defender for the Sixteenth Judicial District, moves this court to withdraw from representing the appellant. She states in her motion that she was appointed to represent the appellant after he was found indigent by the Stone County Circuit Court. She further states that appellant's notice of appeal was timely filed and that the transcript was lodged with this court.[1] She states that she should be allowed to withdraw as the attorney in this matter because she is a full-time public defender and because requiring her to represent the appellant on appeal would keep her from giving her full attention to other indigent defendants.

Since this court's decision in *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000), in which we held that full-time, state-salaried public defenders were ineligible for compensation for their work

---

[1] Ms. Claunch left the date of the transcript's filing blank in her motion. We note that on this same day, we remanded the appellant's motion for rule on clerk due to noncompliance with Ark. R. App. P. – Civ. 5(b). Consequently, even once Ms. Claunch complies with the directives of the instant per curiam order, she will not be relieved of her duties as counsel to the appellant until the record is timely filed with this court's clerk.

on appeal, the General Assembly changed the law. Act 1370 of 2001 provided, in part: "[P]ersons employed as full-time public defenders who are not provided a state funded secretary, may also seek compensation for appellate work from the Arkansas Supreme Court or the Arkansas Court of Appeals." Act of Apr. 5, 2001, No. 1370, 2001 Ark. Acts 5165, § 1 (codified at Ark. Code Ann. § 19-4-1604(b)(2)(B) (Supp. 2005)).

■ Ms. Claunch's motion does not state whether she is provided a state-funded secretary. Accordingly, we must deny her motion at this time. Ms. Claunch may resubmit her motion, providing information about whether she is provided a state-funded secretary, in order for us to determine whether she qualifies for relief from appellant's representation in light of section 19-4-1604(b)(2)(B). *See, e.g., Walters v. State*, 354 Ark. 403, 125 S.W.3d 818 (2003) (per curiam).