Charley Earl JARRETT *v.* STATE of Arkansas

CR 07-56                                             250 S.W.3d 565

Supreme Court of Arkansas
Opinion delivered February 22, 2007

*Gary W. Potts*, for appellant.

No response.

PER CURIAM. Gary W. Potts, a full-time deputy public defender, moves this court for substitution of appellate counsel. He states in his motion that he was appointed to represent the appellant in the circuit court proceedings. He further states that due to

a very heavy caseload, he has reservations regarding his ability to provide the appellant's appeal the attention it deserves. He states his belief that no prejudice will occur and requests an order from this court substituting Dwain Oliver as appellate counsel for the appellant.

Since this court's decision in *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000), in which we held that full-time, state-salaried public defenders were ineligible for compensation for their work on appeal, the General Assembly has changed the law. Act 1370 of 2001 provided, in part: "[P]ersons employed as full-time public defenders who are not provided a state funded secretary, may also seek compensation for appellate work from the Arkansas Supreme Court or the Arkansas Court of Appeals." Act of Apr. 5, 2001, No. 1370, 2001 Ark. Acts 5165, § 1 (codified at Ark. Code Ann. § 19-4-1604(b)(2)(B) (Supp. 2005)).

Mr. Potts's motion does not state whether he is provided a state-funded secretary. Accordingly, we must deny his motion at this time. Mr. Potts may resubmit his motion, providing information about whether he is provided a state-funded secretary, in order for us to determine whether he qualifies for relief from appellant's representation in light of section 19-4-1604(b)(2)(B). *See, e.g.*, *Walters v. State*, 354 Ark. 403, 125 S.W.3d 818 (2003) (per curiam).