SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR–14–783

|  |  |
|---|---|
| KAMRAN TYSHUN JACKSON<br>APPELLANT | Opinion Delivered October 2, 2014 |
| V. | MOTION FOR RULE ON CLERK AND MOTION TO BE RELIEVED AS COUNSEL |
| STATE OF ARKANSAS<br>APPELLEE | MOTIONS GRANTED. |

## PER CURIAM

Appellant Kamran Tyshun Jackson, by and through his attorney, has filed a motion for rule on clerk and a motion to be relieved as counsel. Appellant's attorney, John R. Irwin, who is a full-time, state-salaried public defender with a full-time, state-funded secretary, stated in his motion for rule on clerk that our clerk refused to file the untimely record because of his failure to follow Rule 4 of the Arkansas Rules of Appellate Procedure–Criminal (2014).

This court clarified its treatment of motions for rule on clerk and motions for belated appeals in *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). There, we said that there are only two possible reasons for an appeal not being timely perfected: either the party or attorney filing the appeal is at fault, or, there is "good reason." *Id.* at 116, 146 S.W.3d at 891. We explained as follows:

> Where an appeal is not timely perfected, either the party or attorney filing the appeal is at fault, or there is good reason that the appeal was not timely perfected. The party or attorney filing the appeal is therefore faced with two options. First, where the party or attorney filing the appeal is at fault, fault should be admitted by affidavit filed with

SLIP OPINION

the motion or in the motion itself. There is no advantage in declining to admit fault where fault exists. Second, where the party or attorney believes that there is good reason the appeal was not perfected, the case for good reason can be made in the motion, and this court will decide whether good reason is present.

*Id.* at 116, 146 S.W.3d at 891 (footnote omitted). While this court no longer requires an affidavit admitting fault before we will consider the motion, an attorney should candidly admit fault where he has erred and is responsible for the failure to perfect the appeal. *See id*. Here, in accordance with *McDonald*, Mr. Irwin has candidly admitted fault. Therefore, the motion for rule on clerk is granted, and a copy of this opinion will be forwarded to the Committee on Professional Conduct.

Further, Mr. Irwin has filed a motion to be relieved as counsel. In *Rushing v. State*, 340 Ark. 84, 8 S.W.3d 489 (2000), we held that full-time, state-salaried public defenders are ineligible for compensation for their work on appeal. Since *Rushing*, the General Assembly passed Arkansas Code Annotated section 19-4-1604(b)(2)(B) (Repl. 2007), which states as follows:

> A person employed as a full-time public defender who is not provided a state-funded secretary may also seek compensation for appellate work from the Arkansas Supreme Court or the Court of Appeals.

Because Mr. Irwin is not eligible for compensation on appeal, his motion to be relieved as counsel is granted. *Sanders v. State*, 369 Ark. 423, 255 S.W.3d 444 (2007). Attorney Toney Brasuell is appointed to represent Appellant on appeal. Once the record on appeal has been lodged, our clerk will set a new briefing schedule for the appeal.

Motion for rule on clerk and motion to be relieved as counsel are granted.
*John R. Irwin*, for appellant.
No response.

2