MOTION FOR RULE ON CLERK PER CURIAM 11 Appellant Troy McCulley was convicted of one count of rape and four counts of possession of drug paraphernalia in the Poinsett County Circuit Court. Those convictions were affirmed on direct appeal, McCulley v. State, 2014 Ark. App. 330, 2014 WL 2443124, and through counsel, McCulley subsequently filed a petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. After the circuit court denied his petition, McCulley filed a pro se notice of appeal on April 28, 2015, and his counsel filed a notice of appeal on May 8, 2015. The record was not timely lodged with the clerk of our court. McCulley’s counsel, Mr. Steven R. Davis, has filed a motion for rule on clerk, asserting that he (counsel) learned after filing the notice of appeal that appellant would be unable to pay him and that he informed appellant that he should pursue his appeal pro se. Counsel admits that he did not tender the record in this case and states that he has no knowledge of how the record arrived at the clerk’s office on September 28, 2015. In McDonald v. State, 356 Ark. 106,146 S.W.3d 883 (2004), this court clarified its treatment of motions for rule on clerk and motions for belated appeal. We said that there are|2onIy two possible reasons for an appeal not to be timely perfected — either the party or attorney filing the appeal is at fault or there is good reason. Id. at 116,. 146 S.W.3d at 891. In the present case, counsel does not expressly admit fault, nor does he offer good reason for the record being tendered late. He mistakenly believes that he could cease representing McCulley without permission from the court. However, this court has explained that when an attorney represents someone in a Rule 37 proceeding, he or she is obligated to remain as the petitioner’s attorney until relieved by the trial court or this court; this rule applies to appeals of orders denying postconviction relief. See Sanders v. State, 329 Ark. 363, 952 S.W.2d 133 (1997). It is plain from the motion and record before us that there was error on Mr. Davis’s part in failing to timely lodge the record. Accordingly, the motion for rule on clerk is granted, and a copy of this opinion will be forwarded to the Committee on Professional Conduct. Motion granted. Hart, J., dissents.