Cite as 2019 Ark. App. 556

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-19-110

| | | |
|---|---|---|
| RANDY W. DUCK | | **Opinion Delivered:** November 20, 2019 |
| | APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-15-71] |
| V. | | |
| | | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | DISMISSED WITH INSTRUCTIONS |

## WAYMOND M. BROWN, Judge

Randy Duck was convicted of one count of rape and sentenced to fifteen years' imprisonment in the Arkansas Department of Correction. The conviction was affirmed on direct appeal.[1]

Represented by retained counsel, Craig Lambert, Duck filed in the circuit court a petition, and subsequently, an amended petition, for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. On October 29, 2018, without holding an evidentiary hearing, the circuit court entered an order denying the petition. Counsel then, on November 19, filed a motion to withdraw from his representation of Duck. On November 28, Duck, proceeding pro se, filed a notice of appeal from the order denying his petition for postconviction relief.

---

[1]*Duck v. State*, 2016 Ark. App. 596, 509 S.W.3d 5.

Rule 16 of the Arkansas Rules of Appellate Procedure–Criminal[2] provides that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court or Arkansas Court of Appeals unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause.

While Duck has filed a pro se brief and the record has been lodged here on appeal, the record is devoid of an order evidencing that the trial court ruled on counsel's motion to withdraw from representation of Duck. When an attorney undertakes the representation of a petitioner in a Rule 37 proceeding, he or she is obligated to remain as the petitioner's attorney until relieved by the trial court or this court.[3] This applies to appeals of orders denying postconviction relief.[4]

As there is no order before this court relieving counsel from his duty to represent Duck, counsel is obligated to continue his representation of the petitioner, which includes filing the appeal from the denial of Duck's petition for postconviction relief. The fact that Duck attempted to proceed pro se and filed both a notice of appeal and an appellate brief on his own behalf is of no consequence.[5]

---

[2](2018).

[3]*McCulley v. State*, 2015 Ark. 415, 473 S.W.3d 547.

[4]*Id.*

[5]*See Sanders v. State*, 329 Ark. 363, 364-65, 952 S.W.2d 133, 134 (1997)("Even though petitioner Sanders filed an pro se amended petition and a pro se notice of appeal, his attorney had not been relieved and was thus obligated to continue representing him, which included lodging the Rule 37 record here.").

Under these circumstances, we dismiss Duck's pro se appeal for postconviction relief and direct his counsel of record, Craig Lambert, to file a brief within thirty days of the date of this opinion.

Dismissed with instructions.

WHITEAKER and HIXSON, JJ., agree.

*Randy Duck*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.